**Hyburnia HUSBAND, Plaintiff–Appellee,**

v.

**Charles BRYAN and Larry Saurage, Defendants–Appellants.**

**No. 90–4866.**

United States Court of Appeals, Fifth Circuit.

Oct. 28, 1991.

---

**28**

Cary D. Kirby, David L. Allen, Zeleskey, Cornelius, Hallmark, Borgfeld & Roper, Lufkin, Tex., for defendants-appellants Bryan and Saurage.

Charles K. Ruth, Nacogdoches, Tex., for plaintiff-appellee Husband.

Before CLARK, Chief Judge, REAVLEY and JONES, Circuit Judges.

REAVLEY, Circuit Judge:

Hyburnia Husband sued Sheriff Charles Bryan and his deputy, Larry Saurage, under 42 U.S.C. § 1983 for digging up her pasture in contravention of her Fourth Amendment rights. We affirm the district court's order denying Bryan and Saurage summary judgment on their claims of qualified immunity.

## I. BACKGROUND

Saurage secured a warrant from a Texas judge authorizing him to search an old gravel-filled well on Husband's pasture land, where he suspected Husband's son to have buried the body of a murder victim. To obtain the warrant, Saurage swore to the judge that Robert Birdwell told him that Husband's son nervously and hurriedly asked him to fill the well with expensive gravel rather than dirt, and Birdwell believed that there was a body at the well's bottom when he filled it. Saurage also swore that Bill Billingsley told him that Husband's son stated to Billingsley that Husband's son had killed and buried people.

Saurage searched two wells on Husband's property, neither of which was filled with gravel or concealed a corpse. But Saurage and his crew continued searching Husband's pasture; they used bulldozers to dig up approximately 3 acres of her land, found no body, and then refused to replace the dirt that they had moved or to repair the land.

Husband sued, *inter alia,* Bryan and Saurage in their individual capacities for intentionally violating her Fourteenth Amendment right to be free from unreasonable searches as stated in the Fourth Amendment. Husband alleges that pursuant to a conspiracy of which Bryan and Saurage were members, Saurage lied to get the warrant to search her wells and then exceeded the warrant's scope by digging up her land after searching the wells.

In their motion for summary judgment, Bryan and Saurage asserted qualified immunity. The district court held that Husband had stated with sufficient specificity a claim that Bryan and Saurage violated her clearly established constitutional rights, and therefore issued an order denying their summary judgment motion. Bryan and Saurage appeal the court's interlocutory order.

## II. DISCUSSION

The law accords public officials qualified immunity from suit as well as from liability. *Jacquez v. Procunier,* 801 F.2d 789, 791 (5th Cir.1986). So, before discovery begins in earnest, we have jurisdiction to consider all issues of law decided by the district court when it denied Bryan and Saurage qualified immunity. *Stem v. Ahearn,* 908 F.2d 1, 3 (5th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 788, 112 L.Ed.2d 850 (1991).

A. Open Fields

■ Bryan and Saurage argue that under the "open fields" doctrine, Husband has no Fourth Amendment right to be free from unreasonable searches of her pasture, so Husband's section 1983 claim fails as a matter of law. In a long line of cases, the Supreme Court has held that, except for a house's curtilage, the Fourth Amendment does not protect people from official searches characterized as "sights seen in 'the open fields.'" *Air Pollution Variance Bd. of Colo. v. Western Alfalfa Corp.*, 416 U.S. 861, 865, 94 S.Ct. 2114, 2116, 40 L.Ed.2d 607 (1974) (Fourth Amendment not implicated when inspector stood on defendant's property to observe smoke plumes and visually rate whether defendant complied with air pollution standards) quoting *Hester v. United States*, 265 U.S. 57, 59, 44 S.Ct. 445, 446, 68 L.Ed. 898 (1924) (Fourth Amendment does not apply when revenue officer trespasses on private field and discovers broken whiskey bottle on ground belonging to defendant); *see also United States v. Dunn*, 480 U.S. 294, 302–05, 107 S.Ct. 1134, 1140–41, 94 L.Ed.2d 326 (1987) (under *Hester*, "there is no constitutional difference between police observations conducted while in a public place and while standing in the open fields," so Fourth Amendment does not prevent officers from standing in field and shining flashlight into defendant's barn); *Dow Chemical Co. v. United States*, 476 U.S. 227, 239, 106 S.Ct. 1819, 1827, 90 L.Ed.2d 226 (1986) (for purposes of aerial surveillance, a 2000 acre industrial complex is an open field "and as such it is open to the view and observation of persons in aircraft lawfully in the public airspace immediately above," so the Fourth Amendment does not apply); *Oliver v. United States*, 466 U.S. 170, 184, 104 S.Ct. 1735, 1744, 80 L.Ed.2d 214 (1984) (under *Hester's* open fields doctrine, Fourth Amendment does not apply when officers trespass onto defendant's fenced land to observe and seize contraband).

But this argument of Bryan and Saurage ignores *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), where the Court began equating the scope of Fourth Amendment protection with people's reasonable expectations of privacy. *Oliver*, 466 U.S. at 177, 104 S.Ct. at 1740–41. While the Fourth Amendment does not protect people's subjective privacy expectations, it does protect those "expectation[s] ... that society is prepared to recognize as 'reasonable.'" *Katz*, 389 U.S. at 361, 88 S.Ct. at 516 (Harlan, J., concurring). *Oliver* revitalized *Hester's* open fields doctrine, but it explicitly adhered to *Katz* in doing so. *Oliver*, 466 U.S. at 177–81, 104 S.Ct. at 1740–42 (individuals have no socially recognized expectation that open fields will remain free from warrantless government view).

Neither this court nor the Supreme Court have extended the open fields doctrine to anything beyond observation searches. *See generally Donovan v. Dewey*, 452 U.S. 594, 602–03, 101 S.Ct. 2534, 2539–40, 69 L.Ed.2d 262 (1981) (Fourth Amendment applies to searches of mines); *see also Allinder v. State of Ohio*, 808 F.2d 1180, 1186 (6th Cir.) (open fields doctrine limited to visual inspection and Fourth Amendment applies to search of apiaries in a field), *appeal dismissed*, 481 U.S. 1065, 107 S.Ct. 2455, 95 L.Ed.2d 865 (1987); *but see Care v. United States*, 231 F.2d 22, 24–25 (10th Cir.) (open fields doctrine precludes Fourth Amendment application to search of a closed, artificial cave in a field), *cert. denied*, 351 U.S. 932, 76 S.Ct. 788, 100 L.Ed. 1461 (1956).[1] Because we recognize a reasonable expectation of privacy in the land under an open field, Bryan and Saurage were constrained by the Fourth Amendment in Saurage's search of Husband's lot.

---

**1.** Bryan and Saurage may not legitimately rely on *United States v. Fahey*, 769 F.2d 829, 836–38 (1st Cir.1985), where the court held under the open fields doctrine that the Fourth Amendment does not apply when government agents take soil samples from an open field. The *Fahey* court expressly based its decision on the lack of reasonableness of any privacy expectation by those controlling the field because the field was owned by the United States, which retained some mining rights on it. *Id.*

## B. Violation of Clearly Established Law

 "The doctrine of qualified immunity shields a police officer from liability for civil damages when a reasonable officer could have believed that the challenged conduct did not violate clearly established statutory or constitutional rights." *Simpson v. Hines*, 903 F.2d 400, 402 (5th Cir.1990). Those who need a warrant and search beyond its scope violate clearly established constitutional rights. *Creamer v. Porter*, 754 F.2d 1311, 1319 (5th Cir. 1985). We agree with the district court that Saurage's warrant by its terms only gave him authority to dig up an old gravel-filled well on Husband's lot.[2] So if Husband proves that Saurage searched beyond the well, Bryan and Saurage are not entitled to qualified immunity. And of course, if Husband proves that Saurage lied in his affidavit to obtain the warrant, she has also established a clear violation of her rights.

Bryan and Saurage argue, however, that when Saurage searched Husband's lot it was not clearly established that a warrant was required to search beneath an open field. We disagree. Neither this court nor the Supreme Court has hinted that intrusive searches in open fields are outside the Fourth Amendment's scope. Nor did Bryan and Saurage believe that the open fields doctrine extends so far if Husband is correct that Saurage lied to obtain the warrant to search Husband's field.

## C. Complaint Sufficiency

 We agree with the district court that Husband's Third Amended Complaint states her claims against Bryan and Saurage with sufficient particularity under *Elliott v. Perez*, 751 F.2d 1472, 1482 (5th Cir.1985). All involved obviously understand Husband's allegations that Bryan and Saurage conspired to illegally search Husband's property and that Saurage illegally searched her property because he lied to get his warrant and he searched beyond the warrant's limitations.

2. Once Saurage dug up the wells on Husband's lot and discovered that neither was filled with gravel, he had every reason to suspect the verac-

## III. CONCLUSION

We AFFIRM the district court's order denying Bryan and Saurage summary judgment on qualified immunity grounds.

ity of the statements allegedly made to him by Birdwell.