Ronald W. **THIBODEAUX**

v.

**CITY OF PORT ARTHUR, et al.**

No. 1:91–CV–0570.

United States District Court,
E.D. Texas,
Beaumont Division.

Jan. 24, 1992.

Thomas J. Swearingen, Swearingen & Clark, Port Arthur, Tex., for plaintiff.

Kent Adams, Adams, Duesler & Donaldson, Beaumont, Tex., for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

Ronald W. Thibodeaux is a former employee of the City of Port Arthur. Thibodeaux worked as a police dispatcher until his termination on October 24, 1990. Thibodeaux is confined to a wheelchair. Thibodeaux filed this lawsuit against Port Arthur and five individual defendants who were in various supervisory positions over Thibodeaux. The individual defendants and their positions with the City of Port Arthur at the relevant time are as follows: Cornelius G. Boganey, City Manager; Harvey L. Robinson, Temporary Personnel Director; Melbourne E. Gorris, Chief of Police; Robert W. Brough, head of Services Division of the Police Department; and Robert Williamson, lieutenant in Services Division of the Police Department.

Plaintiff's pleadings indicate that plaintiff, who was a police dispatcher for the City of Port Arthur, was discharged for failure to respond to an off-duty officer's request for assistance. A supplemental page of past warnings and violations was included with the discharge notice. Plaintiff appealed the termination and requested a hearing. Boganey, as City Manager, referred the appeal to an appeal committee of five, chaired by Robinson. Upon the recommendation of committee, Boganey upheld discharge.

Further, plaintiff asserts that the five individual defendants participated in a "scheme of conspiracy designed and intended to deny and deprive plaintiff of rights guaranteed to him under the Constitution and laws of the United States." Plaintiff also contends that the individual defendants "engaged in a civil conspiracy to tortiously interfere with plaintiff's common law right to labor" and that they "exceeded [their] realm of authority or [were] without authority to terminate plaintiff, and exercised a misuse of the power clothed upon [them] by defendant the City of Port Arthur." As to individuals, plaintiff alleges that the pre-termination investigation was suspect because Williamson supervised Brough, who initiated the investigation into plaintiff. No specific improper acts on the part of Williamson or Brough is alleged. Further, plaintiff asserts that Robinson refused to allow plaintiff to put on evidence, cross examine witnesses, and record the testimony at the post-termination appeals hearing. Plaintiff asserts that unspecified defendants gave inadequate notice of the alleged prohibited conduct, gave inadequate notice of the particular charges brought against plaintiff, gave plaintiff no

adequate opportunity to explain his side of the allegations, and allowed unfair and biased investigation to exist.

Thibodeaux asserts claims under 42 U.S.C. § 1983, alleging that he was deprived of a constitutionally protected property interest in his employment with Port Arthur and that he was deprived of that interest without due process. In addition, plaintiff asserts state law claims for violation of Article 5221k of the TEXAS HUMAN RIGHTS ACT, breach of contract, intentional and negligent infliction of emotional distress, and defamation.

■ The individual defendants now move for summary judgment based on the doctrine of qualified immunity.[1] The doctrine generally shields government officials performing discretionary functions from suits for civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), and as long as their actions could reasonably be thought consistent with the rights they are alleged to have violated. *Anderson v. Creighton*, 483 U.S. 635, 639, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1986). Qualified immunity from suit is rooted in concern that complying with discovery in unfounded suits will hamper government officials in the performance of their discretionary duties. *See Anderson*, 483 U.S. at 638, 107 S.Ct. at 3038; *Harlow v. Fitzgerald*, 457 U.S. 800, 816, 102 S.Ct. 2727, 2737, 73 L.Ed.2d 396 (1982).

■ The court is to determine immunity from suit based on the pleadings applying an "objective legal reasonableness" test, assessing the action in the light of the legal rules that were "clearly established" at the time it occurred. *Anderson*, 483 U.S. at 639, 107 S.Ct. at 3038. Plaintiffs must plead specific facts that, if proven, would overcome the individual's immunity defense. *Geter v. Fortenberry*, 849 F.2d 1550, 1559 (5th Cir.1988). *See also Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Complaints containing conclusory allegations, absent reference to material facts, will not survive a motion to dismiss. *Jacquez*, 801 F.2d at 793. The question here, then, is whether plaintiff pleaded sufficient facts to overcome the individual defendants' qualified immunity defenses.

■ After reviewing the case law, this court has grave doubts whether the pleadings as they stand provide adequate facts to overcome the individual defendants' qualified immunity. *See Jacquez*, 801 F.2d at 793; *Geter*, 849 F.2d at 1559–60; *Lion Boulos v. Wilson*, 834 F.2d 504, 509 (5th Cir.1987). As it stands, plaintiff's claims against the five individual defendants are merely "conclusory allegations without the leaven of confirming factual details." *See Geter*, 849 F.2d at 1559. However, once a claim raises the issue of qualified immunity, this court must on its own motion require of the plaintiff a detailed complaint alleging with particularity all material facts on which he contends he will establish his right to recovery, including detailed facts supporting the contention that the plea of immunity cannot be sustained. *Elliott v. Perez*, 751 F.2d 1472, 1482 (5th Cir.1985); *see also Jacquez*, 801 F.2d at 792.

Accordingly, this court declines to rule on defendants' motions for summary judgment against defendants pending further filings.

Plaintiffs are granted leave to file amended pleadings by February 7, 1992,

---

1. Plaintiff argues that plaintiff's state law claims are not subject to the qualified immunity defense. The law appears otherwise. *See Geter v. Fortenberry*, 849 F.2d 1550, 1556 (5th Cir.1988) (applying qualified immunity to state law defamation claim against prosecutor). However, even if qualified immunity does not protect the individual defendants, the defeat of plaintiff's § 1983 claim would eliminate the federal question regarding these defendants, destroying the basis for federal jurisdiction over the five individual defendants.

Accordingly, the state law claims could be dismissed without prejudice under 28 U.S.C. § 1367(a) (1991). *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir.1986).

after which defendants may respond by February 21, 1992.