**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-20708
Summary Calendar

GLENN STEWART STITT,

Plaintiff-Appellant,

versus

JOHNNY KLEVENHAGEN, Sheriff,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas
(CA H 93 1241)

February 8, 1996

Before POLITZ, Chief Judge, KING and DENNIS, Circuit Judges.

PER CURIAM:[*]

Glenn Stewart Stitt appeals the Fed.R.Civ.P. 12(b)(6) dismissal of his 42 U.S.C.

§ 1983 complaint against Sheriff Johnny Klevenhagen for alleged abuse by a deputy sheriff

while he was confined to the Harris County jail. We review this dismissal *de novo*.[1]

One advancing a 42 U.S.C. § 1983 claim must state specific facts warranting relief;

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

[1] **Fernandez-Montes v. Allied Pilots Ass'n**, 987 F.2d 278 (5th Cir. 1993); **Blackburn v. City of Marshall**, 42 F.3d 925 (5th Cir. 1995); **Thompkins v. Belt**, 828 F.2d 293 (5th Cir. 1987).

mere conclusionary statements do not suffice.[2] This court reversed on appeal an earlier dismissal to permit Stitt an opportunity to allege and demonstrate the required basis for his claims against the defendant. Stitt has failed to do so,[3] offering only additional conclusionary statements and seeking very broad discovery which the trial court would not permit.[4] We perceive no error in that ruling, in the refusal of Stitt's request for appointed counsel, and in the Rule 12(b) dismissal.

Stitt's motion to this court entitled "Motion for Medical Treatment Release" finds neither basis nor support in this record and same is DENIED.

Judgment appealed is AFFIRMED.

---

[2]**Morrison v. City of Baton Rouge**, 761 F.2d 242 (5th Cir. 1985); **Fernandez-Montes**.

[3]**Jacquez v. Procunier**, 801 F.2d 789 (5th Cir. 1986).

[4]**Schultea v. Wood**, 47 F.3d 1427 (5th Cir. 1995) (*en banc*).