# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 97-10852
(Summary Calendar)

JIMMY ROY DAVIDSON,

Plaintiff-Appellant,

versus

LONA CHEAIRS; PAULETTE GOODMAN; OFFICER MCCLOUD;
WHYSHOSISKY, Officer; HEARSED, Officer; NUMELEY, Officer;
BROWN, Officer; AMEER, Officer; D GRAVES, Officer; DAVIS,
Sergeant; WILSON, Lieutenant; C RAINES, Warden;
HERKOLOTZS, Deputy Director, Texas Department of Criminal
Justice; CLAYTON R HIGGINS, JR; WILLIAM K SUTER; F ROMO;
UNITED STATES POSTAL SERVICE; CANTRAIL, Officer; TEXAS
DEPARTMENT OF CRIMINAL JUSTICE, Regional Grievance Director,

Defendants-Appellees.

Appeals from the United States District Court
For the Northern District of Texas
USDC No. 1:96-CV-335

March 25, 1998

Before JONES, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Jimmy Roy Davidson, Texas prisoner # 612588, has appealed the district court's dismissal

of his civil rights action for failure to state a claim. We AFFIRM.

Davidson failed to state a claim of denial of access to the courts, based on prison authorities'

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failure to mail timely his certiorari petition to the Supreme Court.  See Lewis v. Casey, 116 S. Ct. 2174, 2178-82 (1996).  He also failed to state a claim for damages based on the alleged loss of part of the record of his criminal trial.  See Daniels v. Williams, 474 U.S. 327, 328 (1986).  This dismissal of Davidson's action with prejudice was appropriate because he does not contend, and it does not appear, that he could state a claim in another amended complaint.  See Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986).

Davidson contends that he should be permitted to withdraw his 28 U.S.C. § 636(c) consent to proceed before the magistrate judge in the district court, because it was wrongfully induced.  The court will not consider this claim, because the district court could have resolved its factual issues if Davidson had raised it there.  See Robertson v. Plano City of Texas, 70 F.3d 21, 23 (5th Cir. 1995).

AFFIRMED.