IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-20513
Summary Calendar
_____

DWAYNE ALLEN ROE,

                                        Plaintiff-Appellant,

versus

JESS HOWELL; SPARKMAN, Lt.; HIENZE, Cpl;
MARK HOFFA; JERRY MICHNA,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-CV-1524
- - - - - - - - - -
May 18, 1998
Before JOLLY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

    Dwayne Allen Roe, Texas prisoner #683943, appeals from the
dismissal of his civil rights complaint for failure to state a
claim and from the denial of his motion for a default judgment.
The appellees move for leave to file a response to Roe's reply
brief; their motion is DENIED.  Roe moves for leave to reply to
the appellees' proposed response to his reply brief; Roe's motion
is DENIED.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Roe contends that the appellees deprived him of his right of access to the courts; that the appellees were not entitled to qualified immunity; that Wharton County, Texas, is liable for pursuing a policy of denying library access; that the district court erred by dismissing his complaint with prejudice; and that the district court erred by denying his motion for default judgment. Regarding his access-to-the-courts and default-judgment contentions, we have reviewed the record and the briefs of the parties and we find no reversible error. Accordingly, we affirm the judgment regarding those contentions for essentially the reasons relied upon by the district court. *Roe v. Howell*, No. H-95-1524 (S.D. Tex. May 3, 1996); *Roe v. Howell*, No. H-95-1524 (S.D. Tex. Feb. 7, 1996).

Because Roe's access-to-the-courts claim is unavailing, we do not consider Roe's contentions regarding qualified immunity or county liability. Because Roe has pleaded his best case and has failed to state a claim, the district court did not err by dismissing his complaint with prejudice. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).

Roe contends for the first time in his reply brief that he should be allowed to pursue his claims against the appellees in their individual capacities. We will not consider Roe's contention. *United States v. Hoster*, 988 F.2d 1374, 1383 (5th Cir. 1993).

AFFIRMED.