IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-31263
Summary Calendar
_____


RAY A. BRIGHT,

                                        Plaintiff-Appellant,

versus

DEPARTMENT OF HEALTH & HOSPITALS; ET AL.,

                                        Defendants,

DEPARTMENT OF HEALTH & HOSPITALS; ERIC VON MONARCH; VIRGINIA
LISTACH; DEBORAH BENNER; GWEN JOHNSON; DAVID HOOD,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 98-CV-907-A
---------------------
September 25, 2000
Before GARWOOD, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Ray Bright appeals the district court's dismissal under FED.
R. CIV. P. 12(b)(6) of his *pro se* civil rights complaint, which
challenged actions taken against him in his role as
administrative law judge for the Louisiana Department of Health
and Hospitals (DHH).  Bright does not challenge the district
court's dismissal of his claims under the Employee Polygraph

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Protection Act or the dismissal of the state-law claims against the DHH under sovereign immunity in his appellate brief, but he does so in his reply brief. Issues raised for the first time in a reply brief are unreviewable on appeal. See Hidden Oaks Ltd. v. City of Austin, 138 F.3d 1036, 1045 n.6 (5th Cir. 1998). Bright has not challenged the district court's dismissal of defendant George Allspack, and this issue is deemed abandoned on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Bright contends that the district court erred in dismissing his claims under 42 U.S.C. § 1983 arising from the defendants' ordering Bright to take a polygraph examination. "[A]n invocation of Fifth Amendment rights must be based on (1) the public employer's refusal to allow immunity for the use of potentially incriminating answers that (2) the employer has compelled the employee to provide." Arrington v. County of Dallas, 970 F.2d 1441, 1446 (5th Cir. 1992). Because Bright's complaint does not allege that he was required to waive immunity, his section 1983 claims fail. See Gulden v. McCorkle, 680 F.2d 1070, 1074-75 (5th Cir. 1982). Bright also asserts that he should have been allowed to amend his complaint if the district found that his claims had not been pleaded with sufficient specificity. The district court had already ordered Bright to amend his complaint in response to a request for a more definite statement, and Bright had done so. Bright has not shown that the district court abused its discretion in denying his motion to amend, given that he was given an opportunity to plead his "best

case." See Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993); Jacquez v. Procunier, 801 F.2d 789, 792-93 (5th Cir. 1986).

Bright asserts that the district court erred in dismissing his claims under the Social Security Act because he has standing to bring such claims. The district court dismissed these claims because Bright had failed to allege with specificity what actions by the defendants violated what sections of the Act. Bright cannot show that his conclusional allegations of wrongful acts by the defendants are sufficient to warrant relief. See Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

Bright asserts that the district court erred in dismissing his federal due process claims. "When a plaintiff alleges that he has been deprived of property because of the random and unauthorized acts of government officials and seeks a post-deprivation remedy, there is no denial of due process if the state provides adequate post-deprivation remedies." Copsey v. Swearingen, 36 F.3d 1336, 1342 (5th Cir. 1994) (citing Parratt v. Taylor, 451 U.S. 527 (1981); Hudson v. Palmer, 468 U.S. 517 (1984); Caine v. Hardy, 943 F.2d 1406 (5th Cir. 1991) (en banc)). Although Bright does argue in his reply brief that Louisiana law does not provide an post-deprivation remedy, he failed to make such an allegation in his complaint. Therefore, the district court did not err in dismissing Bright's federal due process claims.

Bright contends that the district court improperly dismissed his federal claims of retaliation. To show that he was

retaliated against for exercising a federal protected right, Bright must show that (1) he engaged in a protected activity; (2) an adverse employment action followed; and (3) there was a causal connection between the activity and the adverse action. Southard v. Texas Bd. of Crim. Justice, 114 F.3d 539, 554 (5th Cir. 1997). Bright failed to plead any facts, other than bare conclusional allegations, that a causal connection existed between his asserted protected activities and the alleged adverse employment actions. Such allegations are insufficient to defeat a motion to dismiss. See Blackburn, 42 F.3d at 931.

Bright also maintains that the district court erred in dismissing his claims under the federal whistle blower statutes. The district court dismissed these claims because Bright had failed to set them forth with sufficient specificity. He has not refuted this assertion on appeal.

Finally, Bright asserts that the district court erred in not considering his supplemental state-law claims. If all federal claims are dismissed before trial, the general rule is to dismiss the supplemental state-law claims without prejudice so that the plaintiff has an opportunity to bring those claims in the state courts. See Bass v. Parkwood Hosp., 180 F.3d 234, 246 (5th Cir. 1999). Because Bright has not shown that the district court erroneously dismissed his federal claims under Rule 12(b)(6), he cannot show that the court improperly dismissed the state-law claims without prejudice. Consequently, the judgment of the district court is AFFIRMED.