IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60142
Conference Calendar
_____


RAY MCANALLY,

                                        Plaintiff-Appellant,

versus

JOHN MCCULLOUGH,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:99-CV-240-P-B
- - - - - - - - - -
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Ray McAnally, Mississippi prisoner # 07790, appeals the

district court's dismissal of his 42 U.S.C. § 1983 complaint.

The district court dismissed the complaint pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii) for failure to state a claim.  On appeal,

McAnally reurges the merits of his complaint, but does not

challenge the district court's conclusion that McCullough was a

private citizen not acting under color of state law.  *See Barnes*

*v. Lehman*, 861 F.2d 1383, 1385 (5th Cir. 1988)(to state a § 1983

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

claim, plaintiff must allege that defendant was acting under color of state law).

This court reviews de novo a district court's dismissal of a prisoner's civil rights complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). The same de novo standard is employed for reviewing a complaint dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998). The district court erred when it dismissed McAnally's complaint sua sponte, because it did so without giving him the opportunity to amend his complaint. *Jones*, 188 F.3d at 326. This error is harmless, however, because even if McAnally had amended his complaint to plead state action, his complaint is an indirect attack on the validity of his conviction, and that attack is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)(if it is obvious that no amendment to the complaint can save the prisoner's pro se lawsuit, no reversible error in not giving opportunity to do so). Accordingly, the district court's dismissal is AFFIRMED. *See Bickford v. Int'l Speedway Corp.*, 654 F.2d 1028, 1031 (5th Cir. 1981)(this court may affirm on grounds different from those employed by the district court).