**Robert SHAW, Warden, Plaintiff–Appellant,**

v.

**Dolan WALLER, Warden; Douglas Griffin, Unit Manager; Unknown Dial, Physician, Defendants–Appellees.**

No. 03–60650.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 29, 2004.

Robert Shaw, pro se, Wiggins, MS, for Plaintiff–Appellant.

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM.*

Robert Shaw, Mississippi prisoner # 96983, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim. Shaw argues that the district court dismissed the suit without allowing him to elaborate on his claims and that his allegations sufficiently state valid civil rights claims.

Dismissal of a prisoner's suit after allowing him only one opportunity to state his

case is ordinarily unjustified. *Jones v. Greninger*, 188 F.3d 322 (5th Cir.1999); *Schultea v. Wood*, 27 F.3d 1112, 1118 (5th Cir.1994); *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir.1986). Such a dismissal is appropriate only when the plaintiff has pleaded his best case such that allowing him to amend his complaint or elaborate on his claims would still not produce a viable 42 U.S.C. § 1983 claim. Our review of the record reveals that the facts supporting Shaw's claim against Warden Waller do not state a 42 U.S.C. § 1983 claim and that allowing Shaw to elaborate on this claim would be unnecessary. *See Baker v. Putnal*, 75 F.3d 190, 199 (5th Cir.1996); *Williams v. Luna*, 909 F.2d 121, 123 (5th Cir.1990). The judgment dismissing Shaw's claim against Warden Waller is AFFIRMED.

Our review of the complaint and Shaw's brief indicates that he has not pleaded his best case against Dr. Dial and Officer Griffin, and he should be allowed to elaborate on these claims. *See Schultea*, 27 F.3d at 1118; *see also Estelle v. Gamble*, 429 U.S. 97, 104–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Inadequate medical treatment can, at some point, rise to the level of a constitutional violation. *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999). A prison officer's "intentionally interfering with the treatment once prescribed" can constitute deliberate indifference. *Estelle*, 429 U.S. at 104–05, 97 S.Ct. 285.

As the district court acknowledged, Shaw's complaint is somewhat unclear. He alleges that he was repeatedly denied treatment while his condition worsened in prison and that Griffin refused the request of a doctor to have Shaw's restraints removed. Such allegations, if developed,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

might state valid civil rights claims. *See Estelle,* 429 U.S. at 104–05, 97 S.Ct. 285; *Stewart,* 174 F.3d at 534. Dismissal of Shaw's complaint without allowing him any opportunity to elaborate on his claims and state his best case with respect to the claims against Dr. Dial and Officer Griffin was error. The judgment dismissing Shaw's claims against these defendants is VACATED, and the case is REMANDED for further proceedings. We do not comment on whether Shaw will be able to assert facts sufficient to allege valid 42 U.S.C. § 1983 claims against these two defendants but state simply that such is possible and that the dismissal of the complaint at this early stage was premature.

AFFIRMED IN PART. VACATED IN PART. REMANDED FOR FURTHER PROCEEDINGS.