United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 15, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10363
Summary Calendar

CHRIS JACKSON,

Plaintiff-Appellant,

versus

ROBERT SORRELS, Burleson Police Department; ROBERT
HERNANDEZ, Tarrant County Police Department; UNKNOWN, Female
Officer,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CV-29
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Chris Jackson, pro se federal prisoner # 06914-089, appeals the district court's dismissal of his 42 U.S.C. § 1983 claim and the district court's denial of his motion to recuse. Finding no error, we affirm.

We review dismissal of an in forma pauperis (IFP) complaint pursuant to 18 U.S.C. § 1915(e)(2)(B)(ii) under the same de novo standard of review applicable to dismissals made pursuant to FED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

R. CIV. P. 12(b)(6). <u>Harris v. Hegmann</u>, 198 F.3d 153, 156 (5th Cir. 1999). The sole argument that Jackson raises on appeal with respect to the dismissal of his complaint is that the district court failed to give him an opportunity to amend his complaint. We reject this argument, as the record clearly reflects that the district court afforded Jackson such an opportunity and Jackson failed to provide sufficient additional facts in support of his claim. The district court was not required to give Jackson repeated opportunities to amend once it was evident that Jackson had pleaded his best case, particularly as Jackson has failed to identify what facts he could have pleaded that would have supported his contentions. See <u>Jacquez v. Procunier</u>, 801 F.2d 789, 793 (5th Cir. 1986).

As Jackson's brief fails to address the merits of dismissal for failure to state a claim, that issue is deemed abandoned. See <u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1993). Jackson's additional contention that the district judge should have recused himself because he presided over a prior proceeding in which Jackson was a defendant is patently without merit. See <u>Andrade v. Chojnacki</u>, 338 F.3d 448, 455 (5th Cir. 2003).

For the foregoing reasons, we DISMISS Jackson's appeal as frivolous. See 5TH CIR. R. 42.2; <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983). Jackson is cautioned that the dismissal by the district court of his suit and the dismissal of his appeal as frivolous count as two strikes under 28 U.S.C.

§ 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Jackson is cautioned that if he accumulates three strikes under 28 U.S.C. § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.