United States Court of Appeals
Fifth Circuit

**F I L E D**

May 3, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30932
Summary Calendar

CONNIE NORRIS,

Plaintiff-Appellant,

versus

FAIRBANKS CAPITAL CORPORATION; ET AL.,

Defendants,

FAIRBANKS CAPITAL CORPORATION; JARED FRIEL, Individually and In
His Official Capacity for Fairbanks Capital Corporation,

Defendants-Appellees.

* * * * * *
Consolidated with
No. 04-31023
* * * * * *

CONNIE NORRIS,

Plaintiff-Appellant,

versus,

FAIRBANKS CAPITAL CORP; EL AL.,

Defendants,

FAIRBANKS CAPITAL CORP; JARED FRIEL, individually and in his
official capacity for Fairbanks Capital Corporation; DRYADES
SAVINGS BANK; JOSEPH E. FICK, JR.; ROBERT THOMAS WAKEFIELD,
individually and in his capacity as attorney for Dryades
Savings Bank; OPTION ONE MORTGAGE CO.; AMERICAN TITLE AGENCY
LTD; LAWRENCE GENIN, individually and in his official capacity
as attorney for American Title Agency; GLORIA BUSSION,
individually and in her capacity as agent for Prudential
Gardner Realtor; GBS PROPERTIES LLC,

Defendants-Appellees.

--------------------
Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CV-946
--------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Connie Norris appeals from the final judgment of the district court dismissing all defendants in this civil suit. Some defendants were dismissed on motions for summary judgment, and some were dismissed under FED. R. CIV. P. 12(b)(6). Finding no error in the district court's rulings, we affirm.

In connection with the sale of property in New Orleans, Norris alleged multiple claims arising out of the Federal Trade Commission Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), and 53(b), the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, the Fair Credit Reporting Act, 15 U.S.C. § 1681, the Real Estate Settlement Practices Act (RESPA), 12 U.S.C. § 2605, the Department of Housing and Urban Development's regulations, the Bankruptcy Code, LA. REV. STAT. ANN. § 9:5166, and 42 U.S.C. §§ 1983 and 1985.

Norris fails to show a genuine issue of material fact with respect to her allegations under the Bankruptcy Code that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgments against her property were discharged in the bankruptcy proceeding. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc); 11 U.S.C. § 524(a); In re Simmons, 765 F.2d 547, 556 (5th Cir. 1985). Her claims against Lawrence Genin and American Title Agency under the FDCPA are unavailing because those parties are not debt collectors as defined in the Act. See 15 U.S.C. §§ 1692(e), 1692a(6). Norris's claims that Genin charged improper fees and withheld excess funds for taxes were not raised in the district court and are precluded on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999); Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Ctrs., Inc., 200 F.3d 307, 316-17 (5th Cir. 2000).

Norris failed to oppose the summary judgment motion of Gloria Buisson, and her arguments on appeal are waived. See Keenan v. Tejeda, 290 F.3d 252, 262 (5th Cir. 2002); Vaughner v. Pulito, 804 F.2d 873, 877 n.2 (5th Cir. 1986). Further, Norris fails to show a genuine issue of material fact with respect to the dismissal of Buisson and GBS. See Little, 37 F.3d at 1075. Norris's claims that Option One Mortgage Company violated the disclosure requirements of the RESPA, imposed excessive charges, and improperly shared fees were not raised in the district court and are not considered. See Leverette, 183 F.3d at 342; Stewart Glass & Mirror, Inc., 200 F.3d at 316-17. The district court did not abuse its discretion by dismissing the complaint before Norris had an opportunity to amend. See Jones v. Greninger, 188

F.3d 322, 326-27 (5th Cir. 1999); Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986).

With respect to Fairbanks Capital Corp. and Jared Friel, Norris had no private right of action under the Federal Trade Commission Act.  See 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A).  The majority of Norris's remaining claims are either inadequately briefed or raised for the first time on appeal and are not considered.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  Norris's civil rights claims are without merit because she fails to show that any of the defendants are state actors or that a conspiracy to violate her rights was premised on a racial animus.  See Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer, 90 F.3d 118, 124 (5th Cir. 1996); Johnson v. Dallas Indep. Sch. Dist., 38 F.3d 198, 200 (5th Cir. 1994).  The motion of Option One Mortgage to strike and dismiss new arguments and the motion of Lawrence Genin and American Title Agency to strike are granted.

AFFIRMED; MOTIONS TO STRIKE GRANTED.