United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 15, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51117
Summary Calendar

COREY DURAN DAVIS,

                                        Plaintiff-Appellant,

versus

MCLENNAN COUNTY JAIL; INMATE COOPER; GARY WOLLARD,
also known as Garrett Woolard,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:03-CV-105
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Corey Duran Davis, Texas prisoner # 1156649, seeks leave to

proceed in forma pauperis (IFP) to appeal the district court's

summary judgment in favor of Gary Wollard in Davis's 42 U.S.C.

§ 1983 civil rights action.  After granting summary judgment to

Gary Wollard, the district court denied Davis's petition to

proceed IFP on appeal, certifying that the appeal was not taken

in good faith.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

By moving this court for leave to proceed IFP, Davis is challenging the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a)(5). He argues that: (1) the district court erred in granting summary judgment because there was a genuine issue of material fact concerning whether Wollard's actions were objectively reasonable; (2) the district court erred in granting summary judgment without allowing discovery; (3) the district court erred in granting summary judgment without allowing him an opportunity to amend his complaint; and (4) the district court's summary of the facts was not supported by the record. Davis has not demonstrated any nonfrivolous ground for appeal.

Davis has not shown that there was a genuine issue of material fact concerning whether Wollard's actions were objectively reasonable. Whether Wollard's delay in moving Davis to another cell was objectively reasonable under the circumstances of this case is a legal issue, not a genuine issue of material fact that would preclude the court from granting summary judgment. See Gonzales v. Dallas County, Texas, 249 F.3d 406, 411 & n.4 (5th Cir. 2001). Even if all of Davis's allegations are accepted as true, the summary judgment evidence showed that Wollard did not have any information indicating that Davis feared that he would be attacked by a specific inmate. Davis has not shown that the district court erred in determining that Wollard's actions were objectively reasonable under the

circumstances and that he was entitled to qualified immunity. See Johnson v. Johnson, 385 F.3d 503, 524-25 (5th Cir. 2004).

Davis argues that if the district court had allowed him to conduct discovery, he could have obtained evidence showing that he told an unknown prison officer that his life was in danger and that Wollard knew that his nickname was Duke. Although Davis alleged the violation of a clearly established right, he has not shown that the district court erred in granting summary judgment without allowing him to conduct discovery. Even if Davis obtained this evidence through discovery and presented it with his response to the summary judgment motion, he could not have shown that Wollard's actions were objectively unreasonable.

Davis argues that the district court erred in granting summary judgment without giving him an opportunity to amend his complaint. Because Davis's original complaint alleged all of the essential facts surrounding his claim and, therefore, pleaded his best case, the district court did not err in granting summary judgment without allowing him to amend his complaint because amendment would have been futile. See Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986).

Davis argues that the district court's summary of the facts is not supported by the record. The district court accepted all of Davis's allegations as true, and its summary of the facts as alleged by Davis was accurate and supported by the record.

Davis has failed to show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). His motion for IFP is therefore denied, and his appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). Davis is cautioned that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.