United States Court of Appeals
Fifth Circuit

**F I L E D**

February 26, 2007

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 05-41696
Summary Calendar**

_____

**EARL G. WILLIAMS,**

**Plaintiff-Appellant,**

**versus**

**Lieutenant THOMAS R. DAY; UNIVERSITY OF TEXAS MEDICAL
BRANCH GALVESTON TEXAS, Correctional Managed Care,**

**Defendants-Appellees.**

--------------------
**Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:03-CV-221**
--------------------

**Before DeMOSS, STEWART, and PRADO, Circuit Judges.**

**PER CURIAM:**[*]

    **Earl G. Williams, Texas prisoner # 710963, appeals the district**

**court's dismissal of his 42 U.S.C. § 1983 civil rights complaint against**

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lieutenant Thomas R. Day and the University of Texas Medical Branch at Galveston (UTMB).

Williams contends that the district court erred when it dismissed his complaint for failure to state a claim and as frivolous. Because the district court dismissed Williams's complaint both as frivolous and for failure to state a claim, our review is de novo. See Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005).

Viewing the factual allegations in his complaint as true, Williams failed to state a claim of excessive force against Lt. Day sufficient to overcome the defense of qualified immunity. Although the Eighth Amendment guarantees the right to be free from cruel and unusual punishment, the factual allegations in Williams's complaint did not demonstrate that Lt. Day's conduct was made maliciously with the intent to cause harm. See Flores v. City of Palacios, 381 F.3d 391, 393-95 (5th Cir. 2004); Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).

Williams also contends that the district court erred when it dismissed his complaint without providing him an opportunity to conduct discovery or present evidence in support of his claims. Because the district court did not err in holding that Williams's allegations failed to rise to the level of a constitutional violation or

surmount Lt. Day's entitlement to qualified immunity, Williams was not entitled to discovery in the district court. See Jacquez v. Procunier, 801 F.2d 789, 791 (5th Cir. 1986). Further, because the district court assumed Williams's factual allegations to be true, there was no need to provide evidentiary support for those allegations. See Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993).

Williams also contends that the district court erred when it denied his motions for the appointment of counsel. Williams failed to demonstrate the extraordinary circumstances necessary to justify the appointment of counsel. Therefore, the district court's implicit denial of his motions for the appointment of counsel was not an abuse of discretion. See Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

Finally, aside from a request that Correctional Officer Michelle J. Woolsey be reinstated as a defendant and conclusional allegations that the UTMB disposed of his medical records and refused his request for physical therapy, Williams does not challenge the district court's dismissal of his claims against Officer Woolsey or the UTMB. Williams also does not challenge the denial of his motion for leave to amend his complaint to add Warden Richard Trinci and Assistant Warden Dirk

No. 05-41696
-4-

Lorimer as defendants or the dismissal of his retaliation claims.

Therefore, these claims are deemed abandoned.  See Hughes v.

Johnson, 191 F.3d 607, 613 (5th Cir. 1999).

Accordingly, the district court's judgment is AFFIRMED, and

Williams's motion for the appointment of counsel is DENIED.