IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10905
Conference Calendar

_____

CHARLES EDWARD MOORE,

Plaintiff-Appellant,

versus

DOUGLAS HUGH SCHOPMEYER,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CV-1379-P
- - - - - - - - - -

June 16, 1999

Before EMILIO M. GARZA, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Charles Moore, Texas prisoner # 824496, appeals from the dismissal of his lawsuit filed pursuant to 42 U.S.C. § 1983 against state public defender Douglas Hugh Schopmeyer as frivolous. Moore first argues that the district court erred by denying his motion for leave to file an amended complaint. The district court generally should not dismiss a pro se complaint without giving the plaintiff an opportunity to amend, but even a "pro se complaint must contain specific facts supporting its

_____

        *  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conclusions." <u>Jacquez v. Procunier</u>, 801 F.2d 789, 793 (5th Cir. 1986)(citations omitted). Because Moore failed to submit an amended complaint and the allegations contained in his motion to amend would also have been subject to dismissal as frivolous, any error committed by the district court in denying Moore's motion was not reversible error.

Moore also contends that the district court abused its discretion by dismissing his lawsuit as frivolous. The district court may dismiss an IFP complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) if it lacks an arguable basis in law or fact. <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5th Cir. 1997). We review such a dismissal for an abuse of discretion. <u>Id.</u> Examination of the record and Moore's appellate brief indicates that his complaint lacked an arguable basis in law or fact. The district court did not abuse its discretion by dismissing it as frivolous.

Moore's appeal is without arguable merit and is frivolous. <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. 5th Cir. R. 42.2. The dismissal of this appeal as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g). We inform Moore that because he has now accumulated three strikes,[1] he may not proceed IFP in any civil action or appeal filed while he is

---

[1] The first strike is the dismissal of the complaint as frivolous in <u>Moore v. Boy</u>, No. 3:98CV680 (N.D. Tex. May 6, 1998). The second strike is the district court's dismissal as frivolous of the complaint in the instant case. <u>Moore v. Schopmeyer</u>, No. 3:98CV1379-P (N.D. Tex. Jul. 28, 1998).

incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

Moore's motion for the appointment of counsel is DENIED. <u>See</u> <u>Ulmer v. Chancellor</u>, 691 F.2d 209, 212 (5th Cir. 1982).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.