IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50112
Conference Calendar
_____

BRUCE W. HOUSER,

                              Plaintiff-Appellant,

versus

JAMES D. MOONEYHAM; DAVID MOYA; KENNETH GREEN, JR.; CHARLES C.
BELL; MICHAEL L. STARKEY, Major; RANDALPH T. MCVEY; BARBARA K.
ROBERTS,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-99-CV-370
--------------------
August 22, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

     Bruce W. Houser, Texas prisoner #460890, seeks leave to
proceed in forma pauperis ("IFP") on appeal, following the
district court's grant of the defendants' motion for judgment on
the pleadings and dismissal of his 42 U.S.C. § 1983 complaint for
failure to state a claim upon which relief can be granted.  By
moving for IFP, Houser is challenging the district court's
certification that he should not be granted IFP status because

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Houser has failed to establish that his appeal involves nonfrivolous legal issues and is, therefore, taken in good faith. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Houser's conclusional statement that he is entitled to a legal remedy is insufficient to show that his appeal involves legal points arguable on their merits. See id. And despite the requirement that an IFP motion filed in this court be directed solely to the trial court's reasons for certification, see Baugh, 117 F.3d at 202, Houser's assertion that the district court has jurisdiction over his complaint is not so directed. Finally, there is no merit to Houser's contention that the district court failed to fully address each issue, as the district court's order addressed all the issues that Houser had properly pleaded in his complaint and in his subsequent filings opposing the defendants' motion for judgment on the pleadings. See Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986). Accordingly, Houser's motion for IFP should be denied and his appeal should be dismissed as frivolous. See Baugh, 117 F.3d at 202 & n.24; 28 U.S.C. § 1915(e)(2)(B)(i); 5th Cir. R. 42.2.

The district court's dismissal of Houser's complaint for failure to state a claim and this court's dismissal of his appeal as frivolous each count as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Houser is cautioned that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal

while he is imprisoned "unless [he] is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED.