# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2007

Charles R. Fulbruge III
Clerk

No. 06-20997
Summary Calendar

MR MANUEL GAY,

                              Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA;
U.S. DISTRICT COURT,
Southern District of Texas, Houston Division;
IRVIN, Federal DEA Agent;
DAVID WOMACK, Montgomery County Task Force,

                              Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:06-CV-3661

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Manuel Gay, Texas prisoner # 597893, appeals the dismissal of his 42 U.S.C. § 1983 suit as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). The suit challenges a federal forfeiture order for his pickup truck that was seized after Gay was convicted of a federal drug offense.

Gay does not address the findings that the judge who presided over the forfeiture proceeding is absolutely immune from suit and that Gay's claim regarding the forfeiture is barred by Heck v. Humphrey, 512 U.S. 477 (1994). Failure to identify any error in the district court's analysis is the same as if the appellant had not appealed. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are liberally construed, even pro se litigants must brief arguments to preserve them. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Because Gay has failed to contest the district court's reasons for dismissing, he has waived appellate review of those issues. See id.

Gay argues that the district court erred in not allowing him to amend his complaint to include facts and defendants that would state a cause of action relating to the forfeiture of his truck. The proposed amendments to the complaint, however, would not have overcome the finding that any claim relating to the forfeiture is barred by Heck. Accordingly, Gay has not shown that the court erred in not allowing him to amend his complaint. See Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986); Jones v. Greninger, 188 F.3d 322, 326-27 (5th Cir. 1999).

The appeal is without arguable merit and is dismissed as frivolous. See

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.  Gay is warned that the district court's dismissal of his complaint and the dismissal of this appeal count as strikes under 28 U.S.C. § 1915(g) and that if he accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).

APPEAL DISMISSED; SANCTION WARNING ISSUED.