IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 20, 2008

Charles R. Fulbruge III
Clerk

No. 07-40408
Conference Calendar

TERRANCE L OLIVER

Plaintiff-Appellant

v.

TRAVIS MORRIS; RICHARD THOMPSON; BEVERLY PARKER; SHIRLEY
SELF; WENDELL WARREN

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:06-CV-286

Before KING, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Terrance L. Oliver, Texas prisoner # 739573, appeals the district court's
dismissal of his pro se civil rights suit as frivolous and for failure to state a claim
pursuant to 28 U.S.C. § 1915A(b).  Oliver complained that after he was moved
from safekeeping status to the general population, he was stabbed by another
inmate.  While Oliver was at the infirmary, Lt. Wendell Warren ordered him to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

return to his cell without medical care and prohibited the nurse from documenting Oliver's injury.

Oliver argues that the district court erred in not allowing him an opportunity to amend his complaint to exhaust administrative remedies against Lt. Warren and to state a claim against Lt. Warren for interfering with access to medical treatment. His first assertion is frivolous as the district court did not dismiss his claims against Lt. Warren for failure to exhaust.

The district court accepted Oliver's assertions regarding Lt. Warren's conduct; thus, no amendment regarding this conduct was necessary to the disposition of the case. Oliver does not suggest how he could have amended his complaint to overcome the district court's finding that his stab wound was a superficial pinpoint wound and, thus, not a serious medical need. Accordingly, Oliver has not shown that the district court erred in not allowing him to amend his complaint. See Jones v. Greninger, 188 F.3d 322, 326-27 (5th Cir. 1999); Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986).

Oliver does not brief any argument challenging the district court's conclusion that he failed to state a constitutional violation because his injury was not a serious medical need. Accordingly, he has abandoned any challenge to the dismissal of that claim. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Oliver has not briefed and, thus, has abandoned any challenge to the dismissal of his claims against Michael Unit Warden Thompson and Officers Morris, Parker, and Self. See id.

Oliver's appeal is without arguable merit and is dismissed as frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. We warn Oliver that the district court's dismissal of his complaint and the dismissal of this appeal count as strikes under § 1915(g), and that if he accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is

under imminent danger of serious physical injury.  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).

APPEAL DISMISSED; SANCTION WARNING ISSUED.