# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 3, 2009

Charles R. Fulbruge III
Clerk

No. 08-10349
Summary Calendar

JAIME MENDEZ CUELLAR

Plaintiff-Appellant

v.

BRAD LIVINGSTON; BRIAN W RODEEN; HERMAN NUSZ; JULITO UY

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:07-CV-158

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jaime Mendez Cuellar, Texas prisoner # 854843, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint against Brad Livingston, Executive Director of the Texas Department of Criminal Justice, Correctional Institutions Division; Brian W. Rodeen, Warden of the William P. Clements Unit (Clements Unit); Herman Nusz, Head of Nursing at the Clements Unit; and Dr. Julito Uy. He contends that the district court erred and violated his constitutional rights when it sua sponte dismissed his in forma pauperis

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(IFP) complaint prior to the issuance of summons, without a hearing, and without allowing him to amend the complaint or propound discovery.

Although the district court dismissed Cuellar's complaint without a hearing, Cuellar was afforded the opportunity to develop his factual allegations and plead his best case. *See Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir. 1994); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Therefore, the district court did not err when it sua sponte dismissed Cuellar's IFP complaint as frivolous and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(a), (b)(1).

Cuellar also contends that the district court erred when it dismissed his denial of medical care claims against Dr. Uy as frivolous. This court reviews dismissals for frivolousness for abuse of discretion. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).

The district court determined that Cuellar's claims against Dr. Uy were legally frivolous because, even when liberally construed, they stated only a claim of negligence. Cuellar does not specifically challenge the district court's analysis. Instead, he reasserts that the Clements Unit physicians were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment because they failed to address and successfully treat his chronic pain, failed to refer him to a chiropractor or bone specialist, and failed to perform an MRI when requested.

Cuellar's disagreement with the course of medical treatment does not constitute deliberate indifference. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Further, the question whether "additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment." *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Therefore, the district court did not abuse its discretion when it dismissed Cuellar's claims against Dr. Uy as frivolous. *See Varnado*, 920 F.2d at 321.

Cuellar does not challenge the district court's dismissal of his claims against Livingston, Rodeen, and Nusz for failure to state a claim upon which relief may be granted. Specifically, he does not challenge the district court's determination that supervisory officials cannot be held liable for the actions of their subordinates and that he failed to allege any personal involvement on their part. Therefore, these claims are deemed abandoned. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

Finally, Cuellar's newly raised claim that the defendants were deliberately indifferent to his serious medical needs when they discontinued his prescription for Tramadol should not be considered by this court. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Accordingly, the district court's judgment is AFFIRMED. Cuellar's motions for authority of jurisdiction, amending the complaint, a petition for review under "Rule 15" and "Local Rule 47," a bench warrant ad testificandum, and the appointment of counsel are DENIED.