# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 9, 2011

No. 10-20822
Summary Calendar

Lyle W. Cayce
Clerk

BARRY KIRVEN,

Plaintiff-Appellant

v.

RICK THALER; CORRECTIONAL OFFICER REILLY, Warden of Huntsville
Unit; JAMIE WILLIAMS; DR. E. JULYE, Doctor of Huntsville Unit,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-1440

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Barry Kirven, Texas prisoner # 1473071, filed the
instant civil rights complaint, seeking redress for injuries allegedly suffered as
a result of constitutionally inadequate medical care.  Kirven's complaint
concerned the treatment he received in connection with a growth on his toe,
which was first detected by prison medical personnel in December 2007.  The
growth gradually increased in size, and Kirven's toe was amputated in March

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

2009. The district court dismissed the complaint as frivolous after reviewing Kirven's medical records.

An in forma pauperis (IFP) complaint may be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) if it lacks any arguable basis in law or fact. *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997). We review a § 1915 dismissal as frivolous for abuse of discretion. *Id.*

Kirven contends that, given the size and the rate of growth of the mass on his toe, the delay in surgery constitutes deliberate indifference to his serious medical need. As the district court determined, however, from December 2007 through March 2009, Kirven received ongoing medical evaluation and treatment for his condition, including care provided by Dr. E. Julye. The medical care received by Kirven included physical examinations, x-rays, MRIs, medication, resection, and ultimately surgery to amputate the toe, followed by post-surgical care. Kirven's contention that amputation of his toe would have been unnecessary but for the delays in his treatment is essentially a claim of neglect or medical malpractice. Such claims do not rise to the level of an Eighth Amendment deliberate-indifference violation. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

As Kirven cannot demonstrate that he was denied constitutionally adequate medical care, he cannot establish that any policy or practice of supervisory officials Nathaniel Quarterman, C. O'Reilly, or Jamie Williams resulted in the violation of his constitutional rights. *See Bustos v. Martini Club, Inc.*, 599 F.3d 458, 468 (5th Cir. 2010). Because Kirven pleaded his best case, the district court did not reversibly err by dismissing his action without providing Kirven an opportunity to amend his complaint. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 & n.7 (5th Cir. 1998); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).

The district court's dismissal of Kirven's complaint as frivolous counts as one strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103

No. 10-20822

F.3d 383, 387-88 (5th Cir. 1996).   Kirven is hereby warned that if he accumulates three strikes he will no longer be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.