# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11433
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 5, 2018

Lyle W. Cayce
Clerk

JEREMY LEE LOWREY,

Plaintiff-Appellant

v.

JAMES R. BEACH, Assistant Warden; KELLY L. SOOTER, Correctional
Officer V,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:15-CV-301

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Jeremy Lee Lowrey, Texas prisoner # 01857845, appeals the dismissal
of his 42 U.S.C. § 1983 civil rights complaint. He also moves for the
appointment of counsel. Lowrey challenges the district court's denial of his
motion for leave to supplement his complaint and asserts nine violations of his
rights.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-11433

This court reviews for abuse of discretion the denial of a Federal Rule of Civil Procedure 15(d) motion for leave to supplement. *Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998). The district court did not abuse its discretion here. As the district court noted, Lowrey gave no indication that the new claims, made against new parties, were connected with the retaliation alleged in his original complaint. *See Griffin v. County Sch. Bd. of Prince Edward Cty.*, 377 U.S. 218, 226-27 (1964). Likewise, the court observed that Lowrey could bring a separate lawsuit to pursue the new, distinct claims. *See id.*; *Burns*, 158 F.3d at 343.

To the extent that Lowrey's challenge is construed as an argument that the district court's dismissal and denial of his motion to supplement prevented him from presenting his "best case," *see Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986), the argument is unavailing. The language in Lowrey's motion for leave to supplement and objection to the magistrate judge's recommendation show Lowrey's belief that he had sufficiently pleaded his case. Lowrey seemingly believed that he was presenting his best case, and nothing shows that he was deprived of a fair opportunity to make that case. *See Jacquez*, 801 F.2d at 792-93.

Lowrey's brief otherwise does not meaningfully challenge the district court's disposition of his case. Lowrey devotes most of his appellate brief to his new claims. Although he lists nine issues for appeal and briefly references the retaliation alleged in his initial complaint, his challenges almost exclusively consist of a few words summarizing each issue. As Lowrey fails to identify any error in the district court's analysis as to these claims, it is the same as if he had not appealed them. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve

No. 16-11433

them.  *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  Lowrey has failed to adequately brief these challenges and thus has abandoned any challenge to the district court's dismissal of the claims.  *See Yohey*, 985 F.2d at 224-25; *Brinkmann*, 813 F.2d at 748.

Finally, the district court erred when it dismissed the retaliation portion of Lowrey's claims "without prejudice for failure to state a claim."  *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (en banc).  Accordingly, we MODIFY the judgment of dismissal to reflect that Lowrey's retaliation claims are DISMISSED WITH PREJUDICE and AFFIRM AS MODIFIED.  Lowrey's motion for appointment of counsel is DENIED AS UNNECESSARY.

This court's affirmance and the district court's dismissal are counted as one strike under 28 U.S.C. § 1915(g).  *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Lowrey is WARNED that if he accumulates three strikes, he will not be allowed to proceed in forma pauperis in any civil action or appeal unless he is under imminent danger of serious physical injury.  *See* § 1915(g).