# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 16, 2021

Lyle W. Cayce
Clerk

No. 20-20295

Reginald Anokwuru,

*Plaintiff—Appellant*,

*versus*

City of Houston; Officer M.R. Francis,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-2209

Before Stewart, Higginson, and Wilson, *Circuit Judges*.
Cory T. Wilson, *Circuit Judge*:

Reginald Anokwuru appeals the district court's Rule 12(b)(6) dismissal of his 42 U.S.C. § 1983 claims, which stem from his arrest in October 2017. He primarily alleges that Officer M.R. Francis arrested him without probable cause, maliciously prosecuted him, and racially discriminated against him. He also contends that the City of Houston is liable for failing adequately to train its police officers. The district court dismissed Anokwuru's claims. We AFFIRM.

## I.

## A.

In June 2017, the Houston Police Department (HPD) and Officer Francis investigated an alleged "gang rape," involving one adult female victim and three adult males of Nigerian or African descent. During an interview, the victim recounted that she was engaged in consensual conduct with "Idris" when two other men, "Jay" and "CheChe," entered the room and raped her while Idris watched.

A month into the investigation, Adeolu Thompson-John, who is also known as "Jay," provided a statement to Officer Francis, asserting that he and his friends, Idris and "Chidera," engaged in consensual sex with the victim. Relying on Jay's statement, Officer Francis suspected that Anokwuru, whose nickname is "Chidera," was the man the victim identified as "CheChe."

Officer Francis thereafter contacted Anokwuru. According to Anokwuru, Officer Francis asked for information about Jay and Idris, "accus[ed] him, underhandly, of raping the complainant," and demanded that he submit to a formal interview. Anokwuru responded that he did not know Jay or Idris and declined any further interview.

In time, HPD and Officer Francis decided to prosecute Anokwuru based on the victim's and Jay's statements. In September, a grand jury indicted Anokwuru of one count of aggravated sexual assault of an adult. Magistrate Judge Blanca Villa Gomez then issued a warrant to arrest and detain Anokwuru. HPD officers executed the warrant, and Anokwuru was arrested on October 14, 2017. He appeared before a magistrate judge that day who found probable cause for further detention and set bond at $30,000. Anokwuru bonded out of jail the next day.

Following Anokwuru's indictment, the Harris County District Attorney's Office presented pictures of Anokwuru to the victim. After

viewing the pictures, the victim definitively responded that Anokwuru was not one of her three assailants. As a result, the district attorney's office "promptly dismissed" the case against Anokwuru, noting: "No probable cause exists at this time to believe [Anokwuru] committed the offense[.]"

**B.**

On June 19, 2019, Anokwuru filed a civil-rights action against the City of Houston and HPD, asserting claims for false arrest and malicious prosecution under both 42 U.S.C. § 1983 and Texas state law. Anokwuru alleged that he was wrongfully arrested based on the similarity of his name "to the real suspect" and HPD's failure to use a "simple line-up procedure" before his arrest. He sought $1,000,000 in actual damages and $10,000,000 in punitive damages. The City and HPD responded by filing a Rule 12(b)(6) motion to dismiss Anokwuru's complaint. They argued that (1) HPD was not a proper party; (2) governmental immunity protected the City from Anokwuru's state-law tort claims; (3) Anokwuru failed to provide timely notice of the state-law tort claims; and (4) Anokwuru's § 1983 claims against the City were barred under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). On the heels of the defendants' motion to dismiss, Anokwuru moved for leave to amend his original complaint, which the magistrate judge granted.

Anokwuru filed his first amended complaint in September 2019. He added factual allegations concerning the alleged "gang rape" and some cursory allegations related to the defendants' policies and policymakers. He dismissed his state-law claims but maintained claims under § 1983 that his Fourth and Fourteenth Amendment rights—to be free from false arrest and malicious prosecution—had been violated. Finally, he asserted an alternative theory of municipal liability, that the City had a policy of "failing to train, supervise, and discipline its employees" that likewise violated § 1983.

Anokwuru's amended pleading prompted the City and HPD to file a second Rule 12(b)(6) motion to dismiss. This second motion largely recited

the arguments for dismissal set forth in their first motion, except the City also challenged Anokwuru's assertion that it violated § 1983 by failing to train its police officers concerning the proper use of lineups.

The parties convened at a scheduling conference on October 17, 2019. There, Anokwuru orally moved to amend his complaint again. The magistrate judge granted the motion and set a one-week deadline, with the understanding that Anokwuru would drop HPD as a defendant, add individual officers who were involved in the arrest, and respond to the City and HPD's second motion to dismiss.

Instead of filing a second amended complaint on the due date, Anokwuru filed an opposed "Second Motion for Leave to Amend the Complaint" and attached his proposed complaint to the motion. This version of the complaint did not drop HPD but named six additional defendants: Officers Francis, Orellana, LaFountain, and Lundy, HPD Chief of Police Art Acevedo, and Houston Mayor Sylvester Turner. Other than adding these defendants, however, the putative second amended complaint mirrored his first amended complaint. Anokwuru then filed a response to the City and HPD's Rule 12(b)(6) motion to dismiss his first amended complaint.

The parties met again at a status conference on February 4, 2020. Because Anokwuru's proposed second amended complaint lacked details concerning the individual officers' actions that had been promised at the last conference, the magistrate judge reversed her previous ruling and denied Anokwuru's motion for leave to file the second amended complaint. The magistrate judge observed: "[I]f you want to pursue any claim against the individuals, you're going to have to do better than this, . . . [y]ou can't just lump everyone together[.]" The magistrate judge then "un-moot[ed]" the City and the HPD's motion to dismiss the first amended complaint, which both parties had by then fully briefed.

Before the court ruled on the defendants' dispositive motion, Anokwuru moved for a third time for leave to amend. In the newest version

of his pleading, Anokwuru alleged claims against only two defendants: the City and Officer Francis. The claims remained the same for the most part, but Anokwuru added factual allegations concerning Officer Francis's actions and the City's municipal policies and practices. Anokwuru also asserted that the City and Officer Francis "fail[ed] to meaningfully investigate [the] sexual assault" and that Officer Francis "put together an arrest warrant and had other officers arrest [Anokwuru] without probable cause." In the fact section of his proposed third amended complaint, Anokwuru also alleged a violation of his right to equal protection under the Fourteenth Amendment.

The City opposed Anokwuru's third motion for leave to amend. On behalf of itself and Officer Francis, the City argued that further amendment of Anokwuru's complaint would be futile and incorporated the arguments it made in its (still-pending) Rule 12(b)(6) motion to dismiss the first amended complaint. The City also asserted that Officer Francis was protected from suit by qualified immunity. Anokwuru did not file a reply.

The magistrate judge issued a Memorandum and Recommendation that addressed both Anokwuru's third motion for leave to amend and the City's motion to dismiss the first amended complaint. In short, the magistrate judge granted Anokwuru leave to amend, allowing Anokwuru's third amended complaint to serve as the operative complaint. But the magistrate judge also recommended granting the City's pending motion to dismiss and dismissing all claims against the City and Officer Francis.

Responding to the magistrate judge's recommendation to dismiss all his claims, Anokwuru filed objections in the district court and moved to amend his complaint for a fourth time. On June 4, 2020, the district court adopted the magistrate judge's Memorandum and Recommendation, denied further leave to amend, and entered final judgment dismissing all claims. This appeal followed.

## II.

Anokwuru asserts three issues on appeal: (A) whether the district court erred by dismissing his constitutional claims; (B) whether the district court erred by denying his last motion for leave to amend; and (C) whether the district court erred in its *sua sponte* dismissal of his claims against Officer Francis. We address each issue in turn.

## A.

This court reviews the district court's grant of a motion to dismiss de novo. *Budhathoki v. Nielsen*, 898 F.3d 504, 507 (5th Cir. 2018). We accept all well-pled facts as true, drawing all reasonable inferences in the nonmoving party's favor. *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020). But we do not accept as true legal conclusions, conclusory statements, or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). To survive a Rule 12(b)(6) motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Title 42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must plead two—and only two—allegations." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (cleaned up). "First, the plaintiff must allege that some person has deprived him of a federal right." *Id.* "Second, he must allege that the

person who has deprived him of that right acted under color of state or territorial law." *Id.*

Anokwuru argues on appeal that he plausibly pled four distinct constitutional violations under the Fourth and Fourteenth Amendments: (1) false arrest; (2) malicious prosecution; (3) equal protection; and (4) failure to train. The City disagrees and contends that Anokwuru failed to allege sufficient facts that could establish any constitutional violation, such that the district court's dismissal for failure to state a claim was proper. We examine each claim *seriatim*.

### 1.    False Arrest

Anokwuru first asserts that the district court erred by dismissing his false arrest claim. He contends that his Fourth Amendment rights were violated because he was arrested without probable cause. Aligning with the district court's decision, the City counters that the arrest was reasonable and established no constitutional violation. We agree with the City.

To prevail on a § 1983 false arrest claim, Anokwuru must show "that [the arresting officers] did not have probable cause to arrest him." *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004); *see also Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001) (internal quotation marks omitted) ("The constitutional tort of false arrest . . . require[s] a showing of no probable cause."). Moreover "if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Deville v. Marcantel*, 567 F.3d 156, 170 (5th Cir. 2009) (citation omitted); *see also Shields v. Twiss*, 389 F.3d 142, 150 (5th Cir. 2004).

The district court determined that because a grand jury had indicted Anokwuru before he was arrested, the chain of causation for the alleged false arrest was broken, insulating Officer Francis, and the City, from liability.

Indeed, Anokwuru's third amended complaint affirmatively states that he was indicted by a grand jury. The indictment is also contained in the record as an exhibit to the City's operative motion to dismiss. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (citation omitted) ("When a defendant attaches documents to its motion that are referred to in the complaint and are central to the plaintiff's claims, the court may also properly consider those documents.").

But sometimes there is more to the analysis; the independent-intermediary doctrine is not absolute. An officer can still be liable if the officer "deliberately or recklessly provides false, material information for use in an affidavit" or "makes knowing and intentional omissions that result in a warrant being issued without probable cause." *Melton v. Phillips*, 875 F.3d 256, 264 (5th Cir. 2017) (en banc) (emphasis omitted) (discussing *Franks v. Delaware*, 438 U.S. 154 (1978)); *see also Hart v. O'Brien*, 127 F.3d 424, 434 (5th Cir. 1997) (applying *Franks* to § 1983 claims), *abrogated on other grounds by Kalina v. Fletcher*, 522 U.S. 118 (1997).

Anokwuru appears to argue that we should reverse the district court's dismissal, based on *Franks*. Specifically, he asserts the district court failed to address whether he sufficiently pled allegations demonstrating Officer Francis's *reckless* failure to disclose material facts to the grand jury and the magistrate judge. *See Melton*, 875 F.3d at 264. We acknowledge Anokwuru's point. The district court, adopting the magistrate judge's recommendation, concluded: "[Anokwuru] failed to allege that Officer Francis knowingly or intentionally made any false statement in procuring the warrant, and nothing in the complaint suggests that Officer Francis falsified any information." Absent is any discussion regarding any reckless conduct on the part of Officer Francis. Nevertheless, Anokwuru's claim still fails.

In his third amended complaint, Anokwuru alleges that "Officer M. R. Francis put together an arrest warrant and had other officers arrest [Anokwuru] without probable cause." He further alleges that this action was

intentional. At essence, Anokwuru accuses Officer Francis of pursuing a lead without probable cause. But Anokwuru fails to allege anything akin to a specific allegation that Officer Francis "deliberately or recklessly" provided false information to either the grand jury or magistrate judge. To the extent Anokwuru's allegations suggest that Officer Francis withheld information, we find that these allegations likewise do not rise "above the speculative level." *Twombly*, 550 U.S. at 555. Therefore, the district court did not err by dismissing Anokwuru's false arrest claim.

### 2. Malicious Prosecution

Anokwuru's malicious prosecution claim can readily be resolved. To begin, it appears Anokwuru abandons this claim on appeal. In the only notable mention of this claim in his briefing, he describes the district court's holding: "As to Anokwuru's malicious prosecution claim, Judge Johnson held that [the] Fifth Circuit did not recognize an independent claim for malicious prosecution outside of any violations of a defendant's constitutional rights."

This is an accurate statement of the law. There is no freestanding right under the Constitution to be free from malicious prosecution. *Morgan v. Chapman*, 969 F.3d 238, 245–46 (5th Cir. 2020); *see also Castellano v. Fragozo*, 352 F.3d 939, 953 (5th Cir. 2003) (en banc) ("[C]ausing charges to be filed without probable cause will not without more violate the Constitution. So defined, the assertion of malicious prosecution states no constitutional claim."). Therefore, to the extent that Anokwuru does not concede the issue, the district court properly dismissed this claim as a matter of law.

### 3. Equal Protection

Anokwuru also asserts that the district court erred by dismissing his § 1983 equal protection claim. He contends that the district court

impermissibly weighed the evidence in granting the City's Rule 12(b)(6) motion. We disagree and affirm the district court's dismissal.

"The Equal Protection Clause directs that persons similarly situated should be treated alike." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999) (citation omitted). More specifically, to state a claim of racial discrimination under the Equal Protection Clause and § 1983, a plaintiff must plausibly allege two things. First, he must allege that he was treated differently than persons similarly situated to him; second, he must allege that such treatment stemmed from discriminatory intent. *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 412 (5th Cir. 2015) (citation omitted). "To establish discriminatory intent, a plaintiff must show that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." *Id.* (cleaned up).

Anokwuru's third amended complaint fails on both counts. In the operative complaint, Anokwuru alleges that Officer Francis bore "some unplaced, ill-will against" him. Additionally, he asserts that he was charged "almost solely" because of his "ethnic or ethnic-sounding nickname." But Anokwuru fails to allege that he was treated differently than a person who is similarly situated. *Id.* He likewise fails to allege that his treatment emanated from discriminatory intent. *See id.*; *cf. Crain v. City of Selma*, 952 F.3d 634, 642 (5th Cir. 2020) (finding the same in the summary judgment context). Accordingly, we affirm the district court's dismissal of this claim.

4. Failure to Train

Anokwuru's final claim centers on the City's alleged liability for its failure to train its officers. Even though the magistrate judge did not address Anokwuru's failure-to-train claim, the district court nonetheless dismissed it. The court grounded its decision on its conclusion that Anokwuru failed to allege any violation of a constitutional right for which the City could be liable. We find the dismissal was proper.

Generally, to prove municipal liability under § 1983, a plaintiff must prove three elements: a policymaker; an official policy or custom; and a violation of constitutional rights whose moving force is the policy or custom. *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*, 436 U.S. at 694). "A municipality's failure to train its police officers can without question give rise to § 1983 liability." *World Wide St. Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 756 (5th Cir. 2009). To state a cognizable failure-to-train claim, a plaintiff has to plead facts plausibly demonstrating that: (1) the municipality's training procedures were inadequate, (2) the municipality was deliberately indifferent in adopting its training policy, and (3) the inadequate training policy directly caused the violations in question. *Id.*

Anokwuru's third amended complaint again misses the mark. The complaint baldly alleges that the City failed to train Officer Francis; that Officer Francis failed to conduct a lineup procedure; and that these failures amounted to a deliberate indifference to Anokwuru's constitutional rights. Even resolving all questions of fact and any ambiguity in controlling law in Anokwuru's favor, *see Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001), "[i]n order for 'liability to attach based on an "inadequate training" claim, a plaintiff must allege with specificity how a particular training program is defective.'" *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 170 (5th Cir. 2010) (quoting *Roberts v. City of Shreveport*, 397 F.3d at 287, 293 (5th Cir. 2005)).

Indeed, a plaintiff must plausibly allege that the municipality was deliberately indifferent to the need for proper training. *World Wide St. Preachers Fellowship*, 591 F.3d at 756. A plaintiff may do so by alleging that the municipality had "[n]otice of a pattern of similar violations," which were "fairly similar to what ultimately transpired." *Sanders–Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010) (citation omitted). But in this case, Anokwuru points only to his own incident as proof of a policy of deliberate indifference. *Cf. Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir.

1984) (citations omitted) (noting that "[i]solated violations are not the persistent, often repeated, constant violations that constitute custom and policy"). Granted, in certain limited cases, a plaintiff "may establish deliberate indifference" through "a single incident." *Burge v. St. Tammany Parish*, 336 F.3d 363, 372 (5th Cir. 2003) (citation omitted). But Anokwuru's allegations do not pass muster under this narrow exception because the single-incident exception is generally reserved for those egregious cases in which the state actor was provided no training whatsoever. *See Peña v. City of Rio Grande City*, 879 F.3d 613, 624 (5th Cir. 2018). In sum, Anokwuru has not plausibly alleged that the City's training practices were inadequate or that the City was deliberately indifferent to Anokwuru's rights. We therefore affirm the district court's dismissal of this claim.

## B.

Turning to his procedural arguments, Anokwuru first asserts the district court erred by denying his fourth request to amend his complaint. Under Rule 15, "[a] party may amend its pleading once as a matter of course . . . 21 days after service of a motion under Rule 12(b)[.]" Fed. R. Civ. P. 15(a)(1)(B). If not amended within 21 days, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). We review the denial of leave to amend for abuse of discretion. *Lewis*, 252 F.3d at 356.

"Although Rule 15(a) requires the district court to grant leave to amend freely, leave to amend is in no way automatic." *Body by Cook, Inc. v. State Farm Auto. Ins.*, 869 F.3d 381, 391 (5th Cir. 2017) (cleaned up). "The district court is entrusted with the discretion to grant or deny a motion to amend and may consider a variety of factors including undue delay, bad faith, or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , and futility of the amendment." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

Anokwuru contends that he did not act with undue delay, bad faith, or dilatory motive when he moved for leave to amend for a fourth time. That may well be, but "[d]enying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." *Marucci*, 751 F.3d at 378. And we fail to see how Anokwuru's proposed fourth amended complaint was not futile. He presented no new factual allegations or additional claims. To the contrary, the fact section of the fourth amended complaint is an identical recital of that in his third amended complaint. The only variance between the two pleadings is the addition of a few immaterial paragraphs in support of his false arrest and malicious prosecution claims.

Beyond that, Anokwuru was afforded repeated opportunities to cure the deficiencies in his pleadings. This instance marked his fifth attempt to assert viable claims. *See Heinze*, 971 F.3d at 485. Plainly, Anokwuru thus had every opportunity fully to plead his best case by the time he was granted leave to file his *third* amended complaint. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009). We are therefore satisfied that the district court did not abuse its discretion in denying his fourth request for leave to amend.

## C.

Finally, Anokwuru asserts that the district court erred by dismissing *sua sponte* his constitutional claims against Officer Francis. We review the dismissal de novo. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173 (5th Cir. 2006).

A district court may dismiss *sua sponte* a complaint for failure to state a claim "as long as the procedure employed is fair." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) (internal quotation marks and citation omitted). Generally, "fairness in this context requires both notice of the court's intention and an opportunity to respond." *Id.* (citing *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007)). At times, we will uphold a dismissal *sua sponte* without requiring notice, "as long as the plaintiff has alleged his best case." *Lozano*, 489 F.3d at 643 (internal

quotation marks and citation omitted).  We have reasoned that "[a]t some point a court must decide that a plaintiff has had fair opportunity to make his best case[, and] if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

Anokwuru relies on a single case, *Davoodi*, for the proposition that his claims against Officer Francis were unfairly dismissed.  In that case, the plaintiff sued his former employer in state court, asserting claims of discrimination, retaliation, and intentional infliction of emotional distress. *Davoodi*, 755 F.3d at 308.  Following removal, the defendant filed a partial motion to dismiss, seeking to dismiss all claims but one.  *Id.* at 309.  The district court granted the defendant's partial motion to dismiss and then dismissed *sua sponte* the plaintiff's remaining claim.  *Id.*  On those facts, we reversed the district court's dismissal because the plaintiff "had no notice or opportunity to be heard before the district court issued its order of dismissal."  *Id.* at 310.

*Davoodi* is easily distinguishable.  Here, Anokwuru received both notice and ample opportunity to respond prior to the district court's dismissal of his claims.  Over the course of this action, the City filed a series of dispositive motions and supporting memoranda, and it similarly opposed Anokwuru's serial motions for leave to amend his complaint.  Anokwuru responded to the City's motions, either through responsive briefing or by moving for leave to amend his complaint (which led to thorough briefing by the parties as well).  While we recognize that Officer Francis was not formally added as a party to the suit until the third amended complaint, we find this motions practice significant because the gravamen of Anokwuru's complaint remained the same throughout the litigation.  Further, before the district court adopted the magistrate judge's recommendations, which included dismissal of the claims against Officer Francis, Anokwuru timely filed objections to those recommendations.  In those objections, Anokwuru

acknowledged that the court was considering dismissal of all of his claims. Therefore, it is undisputed Anokwuru received notice and the opportunity to oppose dismissal of these claims, and the district court undoubtedly had the benefit of the parties' arguments pro and con before the court entered final judgment. *See Lozano*, 489 F.3d at 641.

But even if Anokwuru had not received notice of the district court's intention to dismiss his claims against Officer Francis, the dismissal would nevertheless stand because Anokwuru had a fair opportunity to plead his best case before the dismissal. *See Jacquez*, 801 F.2d at 792. In a similar (though nonprecedential) case, we upheld a district court's dismissal *sua sponte* of the claims at issue after observing that the plaintiff had been given four opportunities to correct the deficiencies in the complaint. *Real Est. Innovations, Inc. v. Hous. Ass'n of Realtors, Inc.*, 422 F. App'x 344, 352 (5th Cir. 2011). Here, Anokwuru was also given four opportunities to plead his case: the original complaint (filed June 19, 2019); first amended complaint (filed September 30, 2019); proposed second amended complaint (filed with a motion for leave to amend October 24, 2019); and his third amended complaint (filed March 5, 2020). Accordingly, the district court did not err in denying his fifth attempt to plead his claims and then dismissing the operative third amended complaint in its entirety.

\* \* \*

For the foregoing reasons, the district court's judgment is

AFFIRMED.