# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 18, 2021

Lyle W. Cayce
Clerk

No. 20-30629

Johnny H. Thornton,

*Plaintiff—Appellant*,

*versus*

Corey M. Lymous; New Orleans City,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-12287

---

Before Higginbotham, Stewart, and Wilson, *Circuit Judges*.

Per Curiam:*

Johnny Thornton appeals the district court's dismissal of his 42 U.S.C. § 1983 claim against New Orleans Police Department (NOPD)

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30629

Sergeant Corey Lymous for violating his Fourth Amendment rights. We affirm.

## I

In August 2018, three juvenile detainees complained that they were physically abused in separate incidents by Thornton, a supervisor at the detention center where they were incarcerated. NOPD Sergeant Lymous investigated these complaints by observing independent forensic interviews of the three victims, interviewing Thornton, and reviewing medical records, pertinent video footage, and written statements by staff eyewitnesses. Lymous then submitted a sworn four-page affidavit seeking an arrest warrant for Thornton.

In the affidavit, Lymous attested to what he observed in the forensic interviews, video footage, medical records, and witness statements. He certified there was probable cause to believe that Thornton committed one count each of second-degree cruelty to a juvenile,[1] simple battery,[2] and malfeasance in office.[3] Based on Lymous's affidavit, a magistrate judge issued a warrant for Thornton's arrest, and Thornton was briefly detained in the Orleans Parish Jail before posting bond. Months later, a Grand Jury of the Orleans Parish Criminal District Court returned a "no true bill" on each charge against him.

Thornton subsequently brought suit against Lymous, the City of New Orleans, the detainees, and their guardians. In addition to various state-law claims against Defendants, Thornton asserted a § 1983 claim against

---

[1] *See* La. Rev. Stat. § 14:93.2.3.

[2] *See id.* § 14:35.

[3] *See id.* § 14:134.

No. 20-30629

Lymous, alleging that Lymous violated his Fourth Amendment rights by submitting a falsified affidavit that led to his false arrest. The district court dismissed Thornton's § 1983 claim under Federal Rule of Civil Procedure 12(b)(6) and declined to exercise supplemental jurisdiction over his remaining state-law claims. Thornton appeals.

## II

This Court reviews a Rule 12(b)(6) dismissal de novo, accepting "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."[4] To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face."[5] A plausible complaint "'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"[6]

## III

A constitutional claim for false arrest "requires a showing of no probable cause."[7] Generally, "if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest,

---

[4] *Martin K. Eby Constr. Co., Inc. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation marks and citation omitted).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[6] *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

[7] *Arizmendi v. Gabbert*, 919 F.3d 891, 897 (5th Cir. 2019) (internal quotation marks and citation omitted).

insulating the initiating party."[8] However, the initiating officer may still be liable for false arrest if he taints the deliberations of the intermediary by "deliberately or recklessly provid[ing] false, material information for use in an affidavit" or "mak[ing] knowing and intentional omissions that result in a warrant being issued without probable cause."[9]

Thornton fails to allege facts demonstrating that Lymous tainted the magistrate's finding of probable cause. Several of his allegations suggest that Lymous *knew* that the victim-detainees were lying because their accounts were disputed. But such "speculation from the stated facts" need not be considered true.[10] As for his remaining allegations, he fails to show that his complained of fabrications and omissions were material to the magistrate's probable-cause determination because the key facts supporting probable cause for the charges against him would be unaffected by reconstructing the affidavit with "those errors and omissions [] removed."[11] Without showing that affiant Lymous's allegedly misleading representations were "necessary

---

[8] *McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2017) (internal quotation marks and citation omitted).

[9] *See Anokwuru v. City of Houston*, 990 F.3d 956, 963–64 (5th Cir. 2021) (internal quotation marks omitted) (quoting *Melton v. Phillips*, 875 F.3d 256, 264 (5th Cir. 2017) (en banc)); *see also Franks v. Delaware*, 438 U.S. 154, 155–56 (1978) (holding that a Fourth Amendment violation occurs where (1) an affiant, in support of the warrant, includes a "false statement knowingly and intentionally, or with reckless disregard for the truth" and (2) "the allegedly false statement is necessary to the finding of probable cause").

[10] *See Marks v. Hudson*, 933 F.3d 481, 488 (5th Cir. 2019); *see also Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) ("[C]onclusory allegations and unwarranted deductions of fact are not admitted as true by a motion to dismiss." (internal quotation marks and citation omitted)).

[11] *See Winfrey v. Rogers*, 901 F.3d 483, 494–95 (5th Cir. 2018).

No. 20-30629

to the finding of probable cause," Thornton's Fourth Amendment claim fails.[12] We affirm.

---

[12] *See Franks*, 438 U.S. at 156.