# United States Court of Appeals for the Fifth Circuit

No. 21-20673
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 10, 2022

Lyle W. Cayce
Clerk

Preston Jerome Taylor,

*Plaintiff—Appellant*,

*versus*

Officer Crowe; Cox, *Police Officer*; State of Texas/Harris County Jail,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-2870

Before King, Jones, and Smith, *Circuit Judges*.

Per Curiam:*

While he was incarcerated at the Mobile County Metro Jail, Preston Jerome Taylor filed a 42 U.S.C. § 1983 complaint in which he alleged that he was unlawfully arrested and that this resulted in his false imprisonment at the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20673

Harris County Jail.  He seeks to proceed in forma pauperis (IFP) on appeal from the dismissal of his complaint for failure to state a claim.  By moving to proceed IFP, he is contesting the district court's implicit certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

Taylor asserts that the denial of his request to proceed IFP on appeal was unjust.  He notes that he was granted leave to proceed IFP in the district-court action and should have been allowed to proceed IFP on appeal without further authorization.  His claim lacks merit.  *See* Fed. R. App. P. 24(a)(3).

He also effectively reiterates his claim that he was falsely arrested and that this led to his false imprisonment.  He asserts that there was no probable cause to support his arrest and argues that he fled from officers because they initiated a traffic stop that he felt was illegal and threatening.

Taylor does not dispute that he was arrested and indicted by a grand jury for an offense pursuant to Texas Penal Code § 38.04.  The indictment establishes probable cause and "breaks the chain of causation for false arrest" and the decision to hold Taylor in jail.  *Deville v. Marcantel*, 567 F.3d 156, 170 (5th Cir. 2009).  The indictment in this case signified that, as a matter of law, the grand jury found probable cause that each element of an offense pursuant to Texas Penal Code § 38.04 was met.  *See Gerstein v. Pugh*, 420 U.S. 103, 117 n.19 (1976).  It is immaterial that Taylor was not charged with a crime related to the stop that preceded his flight or that the charge under Texas Penal Code § 38.04 ultimately was dismissed.  *See, e.g., Pierson v. Ray*, 386 U.S. 547, 555 (1967); *Buehler v. City of Austin/Austin Police Dep't.*, 824 F.3d 548, 554 (5th Cir. 2016).  Further, Taylor has not alleged any facts suggesting or supporting that the grand jury's decision to indict was tainted by the defendants' actions.  *See Anokwuru v. City of Houston*, 990 F.3d 956, 963-64 (5th Cir. 2021).

No. 21-20673

Finally, Taylor suggests that the district court erred by dismissing his suit without giving him a chance to bolster his allegations or provide further information in support of his claims. However, he has failed to set forth any facts or evidence that he could have presented that would have salvaged his complaint. He has not indicated how his allegations could pass muster with further factual development and specificity or detailed the facts that he could have set forth that would have been sufficient to state a claim if he had been given the chance. Thus, Taylor has not demonstrated that the district court improperly dismissed his complaint sua sponte without allowing him to offer more facts or evidence. *See* 28 U.S.C. § 1915(e)(2)(B); *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009).

Given the foregoing, the IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. Taylor's motions to supplement the record and to compel the district court to disclose a docket entry are DENIED.

The dismissals of this appeal and of Taylor's suit in the district court count as strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 534, 534-41 (2015). Taylor had at least one prior § 1983 suit dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim. *See Taylor v. Oliver*, No. 1:17-CV-289 (S.D. Ala. Jan. 8, 2019). He now has three strikes. *See Coleman*, 575 U.S. at 537. Thus, he is now BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained unless he is under imminent danger of serious physical injury. *See* § 1915(g); *Brewster*, 587 F.3d at 770. Taylor is WARNED that any pending or future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions.