# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2023

Lyle W. Cayce
Clerk

————————

No. 22-20233

CONSOLIDATED WITH

No. 22-20319

————————

CLIFFORD F. TUTTLE, JR., *as Representative of* THE ESTATE OF DENNIS W. TUTTLE, *Deceased*; ROBERT TUTTLE; RYAN TUTTLE; JO ANN NICHOLAS; JOHN NICHOLAS,

*Plaintiffs—Appellees*,

*versus*

MARSHA TODD,

*Defendant—Appellant*,

———————————————————————

JO ANN NICHOLAS, *individually and as an heir of the Estate of Rhogena Nicholas*; JOHN NICHOLAS; AS TEMPORARY ADMINISTRATOR OF THE ESTATE OF RHOGENA NICHOLAS,

*Plaintiffs—Appellees*,

*versus*

LIEUTENANT MARSHA TODD

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC Nos. 4:21-CV-270, 4:21-CV-272

_____

Before Clement, Elrod, and Willett, *Circuit Judges.*

Per Curiam:[*]

The estates of Dennis Tuttle and Rhogena Nicholas brought civil-rights claims against various members of the Houston Police Department in connection with the latter's attempt to execute a search warrant at 7815 Harding Street. Plaintiffs sued, among others, Lieutenant Marsha Todd—the officer who received notes from the initial investigating officers and passed them on to former officer Gerald Goines so that he could continue to look into the matter. Plaintiffs allege that Todd is liable for the actions of Goines and others on a failure-to-supervise basis. The district court agreed, at least for purposes of the pleading stage, and denied Todd's motion to dismiss. We conclude that Plaintiffs have failed to plead facts that demonstrate a constitutional violation, let alone one that is clearly established. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Accordingly, we REVERSE and RENDER.

I

A summary of the factual background of the events relating to the Harding Street raid may be found in the court's recent opinion of *Tuttle v. Sepolio*, 68 F.4th 969, 972–73 (5th Cir. 2023). We supplement that recitation where necessary to describe the allegations concerning this specific appeal. All well-pleaded allegations are accepted as true and construed in Plaintiffs' favor; all conclusory assertions and legal conclusions are rejected. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

> The controversy began with a phone call reporting suspected unlawful activity. Patricia Garcia called the police department, claiming that the residents in 7815 Harding Street were involved in selling heroin and possessed various firearms, including machine guns. Tuttle owned that home, and lived there with Nicholas, his wife. Police officers investigated the home, observed no criminal activity, and forwarded their notes to Lieutenant Marsha Todd . . . . Todd relayed the information concerning Harding Street to Officer Gerald Goines, an officer in narcotics division Squad 15.

*Sepolio*, 68 F.4th at 972.

According to Plaintiffs, Todd is the supervisor of "Narcotics Squad 24 . . . which handles civil asset forfeiture cases." Even so, she sometimes assigns cases to other divisions. And in particular, Todd had assigned cases to Goines on several other occasions. After receiving the investigating officers' notes, Goines took a series of actions to fraudulently obtain a search warrant for the residence at issue:

> First, Goines executed an affidavit swearing that a confidential informant told him that the informant purchased heroin from the residence and observed firearms within the home. Based on the affidavit, Goines then applied for and received a no-knock search warrant from a municipal judge.

> It turned out that the testimony contained in Goines's affidavit was false. Goines later admitted that he had not paid any confidential informant to purchase drugs from the Harding Street home. He maintains that he purchased the heroin and witnessed the firearms himself, but Plaintiffs deny that allegation.

*Sepolio*, 68 F.4th at 972–73.

Goines and several other Squad 15 officers executed the warrant. The parties sharply contest what happened during the raid, but the end result is that Tuttle and Nicholas were shot and killed. Plaintiffs allege that the of-

ficers fired without provocation, but the officers maintain that they fired only after Tuttle shot at them first. Todd was not present at the raid and did not otherwise participate in it.

Plaintiffs seek to hold Todd liable for failing to supervise Goines. They allege that Goines regularly violated city policy relating to confidential informants and regularly lied in order to obtain no-knock search warrants, and that Todd knew about these infractions. They further argue that Todd acted in a supervisory capacity when "assigning" the Harding Street case to Goines. As such, Plaintiffs conclude, Todd is liable for the excessive force and unlawful search and seizure allegedly committed by the other officers. Plaintiffs also asserted state-law survival and wrongful-death claims.

Todd moved to dismiss, asserting the affirmative defense of qualified immunity. The district court denied the motion, and Todd timely appealed.

## II

We have jurisdiction to review orders that deny a qualified-immunity defense. *Sepolio*, 68 F.4th at 973; *Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022). To overcome qualified immunity at the motion-to-dismiss stage, Plaintiffs must plead facts showing: (1) that Todd violated their constitutional right; and (2) that the right at issue was clearly established at the time of the violation. *Pearson*, 555 U.S. at 232; *Henderson v. Harris County*, 51 F.4th 125, 132 (5th Cir. 2022).

## A

Taking the constitutional-violation prong first, we hold that Plaintiffs have not adequately pleaded a failure-to-supervise injury. "A supervisory official may be held liable under section 1983 for the wrongful acts of a subordinate 'when [the official] breaches a duty imposed by state or local law, and this breach causes plaintiff's constitutional injury.'" *Smith v. Brenoettsy*,

158 F.3d 908, 911 (5th Cir. 1998) (quoting *Sims v. Adams*, 537 F.2d 829, 831 (5th Cir. 1976)). "We have understood this inquiry to contain three elements: (1) that the supervisor failed to train or supervise the subordinate; (2) a causal link between the failure to train or supervise and the constitutional violation; and (3) that the failure to train or supervise amounts to deliberate indifference." *Sepolio*, 68 F.4th at 975 (citing *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005)).

Plaintiffs' claim fails for at least two reasons. First, the allegations do not establish that Todd had a duty to supervise Goines. *Smith*, 158 F.3d at 911. Todd was not Goines's supervisor; that was Lieutenant Robert Gonzales. And indeed, some claims asserted against Gonzales have been allowed to proceed to discovery. *Sepolio*, 68 F.4th at 975–76. But we see no reason why the supervisor of one narcotics division should be responsible for the actions of an officer belonging to a different division.

Plaintiffs argue that Todd acted in a supervisory capacity when she gave the notes concerning the Harding Street raid to Goines, construing this as assigning him the case. As an initial matter, it is unclear whether the simple act of passing information is the same thing as formally assigning a case. But even supposing that Todd did assign the case to Goines, that act does not impose a supervisory duty, either for Goines or for the case in general. Nor is it consequential that Todd was superior to Goines in rank or that she attended the planning meeting for the Harding Street raid. Neither of those facts, if proven, would establish that Todd had a duty to supervise Goines.

Second, the allegations do not show that Todd acted with deliberate indifference. Plaintiffs claim that Todd "was familiar with Goines' pattern of illegal and unconstitutional conduct as described in this Complaint," but they allege no facts supporting that conclusion. They point to past no-knock warrants that Goines applied for, explaining that a gun was almost never re-

covered from the raid even though the presence of firearms was almost always the basis Goines gave for requesting such a warrant. Plaintiffs also cite a number of instances where the execution of these warrants resulted in civilian fatalities or injuries. But none of these facts tend to show that Todd was aware of Goines's unlawful behavior.

Plaintiffs' allegations as to Gonzales serve as a helpful comparison. Gonzales was Goines's direct supervisor; he approved Goines's allegedly unlawful payments to confidential informants and oversaw Goines's day-to-day tasks. There is good reason, then, why Gonzales would be aware of Goines's regular violation of city policy in connection with applying for and executing search warrants. *See Sepolio*, 68 F.4th at 975–76. The same allegations are simply not present for Todd. Plaintiffs' claim must be dismissed because they do not plead a failure-to-supervise injury. *Roberts*, 397 F.3d at 292.

B

Even if Plaintiffs could show a constitutional violation, such a violation would not be clearly established. The Supreme Court has consistently instructed lower courts to not conduct the clearly-established analysis at a "high level of generality." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)). For this reason, the binding law must "clearly prohibit the officer's conduct in the particular circumstances before him." *District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018).

Plaintiffs offer no precedent that clearly establishes the notion that Todd was obligated to supervise Goines in these circumstances. They cite to general failure-to-supervise cases, *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443 (5th Cir. 1994) and *Wanger v. Bonner*, 621 F.2d 675 (5th Cir. 1980), but neither of them bears on the case-specific issues of whether Todd assumed a supervisory role by "assigning" the case to Goines and whether knowledge of Goines's previous unlawful actions imputes to her. Given the state of cur-

rent case law, we cannot say that Todd's obligation, if any, was "clear enough that every reasonable official would interpret it to establish the particular rule." *Wesby*, 138 S. Ct. at 590. Plaintiffs' claim must be dismissed for this reason as well. Dismissal will be with prejudice because Plaintiffs have received an adequate opportunity to plead the best version of their case. Any amendment at this point would be futile. *See, e.g.*, *Sepolio*, 68 F.4th at 975; *Anokwuru v. City of Houston*, 990 F.3d 956, 966 (5th Cir. 2021).

## C

We briefly address Plaintiffs' state-law claims. The district court denied Todd's motion to dismiss those claims. Plaintiffs correctly note that Todd has forfeited any argument respecting those claims by failing to address them on appeal. And in any event, federal qualified immunity does not apply to state-law claims, and Todd has not argued that she is entitled to qualified immunity as a matter of state law. *See Sepolio*, 68 F.4th at 976; *Brown v. Miller*, 519 F.3d 231, 238–39 (5th Cir. 2008). We therefore do not address the ruling as to Plaintiffs' state-law claims.

## III

After Todd appealed the district court's denial of her motion to dismiss, she moved to stay discovery pending appeal. The district court granted the motion as to Todd, but allowed discovery to proceed as to other defendants. Todd appealed the district court's order, seeking to stay all discovery pending appeal. *Tuttle v. Todd*, No. 22-20319. That appeal is moot in light of our resolution of the merits of the qualified-immunity appeal. *See Freedom from Religion Foundation, Inc. v. Abbott*, 58 F.4th 824, 831 (5th Cir. 2023) (explaining that "a dispute is no longer live when 'the parties lack a legally cognizable interest in the outcome'") (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). Accordingly, we DISMISS the appeal of the district court's stay order.

No. 22-20233
c/w No. 22-20319

\*       \*       \*

As to Todd's appeal of the district court's denial of her motion to dismiss, No. 22-20233, the judgment is REVERSED.  We RENDER judgment in Todd's favor with respect to Plaintiffs' failure-to-supervise claims. Those claims are DISMISSED with prejudice.

As to Todd's appeal of the district court's order respecting her motion to stay, No. 22-20319, the appeal is DISMISSED as moot.