# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-40302
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 18, 2026

Lyle W. Cayce
Clerk

Fred Rahdar; Kobra Ghorbani,

*Plaintiffs—Appellants*,

*versus*

City of Friendswood; Robert Wieners; B. Milling; J. Dement; M.A. Kulhanek, *Et al.*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:22-CV-280

———————————————————————

Before Davis, Wilson, and Douglas, *Circuit Judges*.

Per Curiam:*

Plaintiffs-Appellants Fred Rahdar and Kobra Ghorbani brought claims of false and retaliatory arrest against a municipality and several of its police officers pursuant to 42 U.S.C. § 1983. The district court dismissed the claims. We AFFIRM.

————————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40302

Rahdar and Ghorbani, a married couple, operated a pub in the City of Friendswood. They allege that during the COVID-19 pandemic, the pub was classified as a restaurant and allowed to continue operating under the applicable executive orders. Nevertheless, they contend that Defendants-Appellees—various individuals and entities affiliated with the City of Friendswood Police Department—commenced "a concerted campaign of official harassment" against them based on their continued operation of the pub.

Plaintiffs allege that on August 3, 2020, two Friendswood police officers attempted to perform a "bar check" inspection at the pub. But the officers had "already performed three bar checks per day for each of the four previous days" such that the bar check was annoying and harassing. Officers then "arrested the Plaintiffs for allegedly refusing a bar check" in violation of a state statute. Plaintiffs assert that officers arrested Ghorbani first, and when Rahdar "objected," they arrested him too, commenting that he was being arrested for "running your big mouth."

Plaintiffs also allege that on February 5, 2021, Rahdar saw a Friendswood police officer, Sergeant Cordero, sitting in the pub parking lot in an unmarked police car. Rahdar began filming the officer but made "no acts of aggression." Cordero then radioed for back up and arrested Rahdar for "obstructing a highway or other passageway."

Plaintiffs brought claims pursuant to 42 U.S.C. § 1983. As relevant to this appeal, they brought claims for (1) false arrest under the Fourth Amendment as to Rahdar's August 3, 2020 arrest and (2) retaliatory arrest under the First Amendment as to Rahdar's February 5, 2021 arrest.[1] The

_____

[1] Plaintiffs' Complaint also alleged two other incidents in which Rahdar was arrested. They brought various false arrest, retaliatory arrest, and excessive force claims regarding Ghorbani's August 3, 2020 arrest and all four of Rahdar's arrests. The district

district court dismissed the first claim pursuant to Rule 12(b)(6) and the second on summary judgment. Plaintiffs timely appealed, challenging the respective rulings. We examine each in turn and review de novo.[2]

I

The district court dismissed Rahdar's false arrest claim arising from the August 3, 2020 pub incident for failure to state a claim under Rule 12(b)(6). It explained that to adequately plead false arrest, a plaintiff must allege that the arresting officers "did not have probable cause to arrest him."[3] But Plaintiffs failed to make this allegation, warranting dismissal.

We agree. Plaintiffs' Complaint merely alleges that (1) Rahdar and Ghorbani were arrested for refusing a bar check (2) they had previously been subjected to a harassing number of bar checks (3) Rahdar objected to the arrest of his wife during the incident and (4) officers told Rahdar that his "running [his] big mouth" was a cause of the arrest. But taking these allegations as true, they do not establish that the officers lacked probable cause to arrest Rahdar for refusing the bar check.

Plaintiffs argue on appeal that Rahdar did not resist the bar check and that he was arrested solely in retaliation for "protected" speech: his objection to his wife's arrest. But these appellate allegations conflict with the Complaint, which specifies that *both* Plaintiffs were arrested for refusing the

---

court dismissed all the claims, some on the pleadings and some on summary judgment. But Plaintiffs' appellate brief challenges only the dismissals of the false arrest claim arising from the pub incident and the retaliatory arrest claim arising from the parking lot incident. Accordingly, we summarize only the facts relevant to these claims.

[2] *Amin v. United Parcel Serv., Inc.*, 66 F.4th 568, 572 (5th Cir. 2023) ("This court reviews Rule 12(b)(6) dismissals and summary judgments de novo.").

[3] *Anokwuru v. City of Houston*, 990 F.3d 956, 963 (5th Cir. 2021) (quoting *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004)).

bar check and is silent regarding Rahdar's compliance. Rule 12(b)(6) compels us to assume the veracity of the Complaint's allegations. Because the facts in the Complaint, which Plaintiffs twice amended, do not show that officers lacked probable cause to arrest Rahdar, the district court properly dismissed his false arrest claim regarding the August 3, 2020 incident.

## II

Acting on the recommendation of a magistrate judge, the district court later granted summary judgment on Rahdar's retaliatory arrest claim based on the February 5, 2021 incident. The court explained that video footage of the incident paints a very different picture than Plaintiffs' Complaint. The video shows that Cordero pulled into a strip-center parking lot shared by Plaintiffs' pub and other establishments, including a hair salon. While Cordero waited in his car for an appointment at the hair salon, Rahdar came outside, yelled at Cordero to leave, and filmed Cordero while he sat in his car. Eventually, Rahdar left, and Cordero went into the hair salon. But while Cordero was inside, one of Rahdar's employees, Jazmine Lowery, pulled her car into the parking space behind Cordero's vehicle. Rahdar then parked his truck in the driving lane of the parking lot, directly in front of Cordero's vehicle. Rahdar admitted his "vehicle [was] in a place where it was blocking Sergeant Cordero's vehicle's exit from the parking space." Cordero came outside and returned to his vehicle. But Rahdar did not move his truck for four minutes, during which time Cordero radioed for back up. Officers arrived, then arrested Rahdar for obstructing a highway or passageway pursuant to Texas Penal Code § 42.03. The district court held that given Rahdar's intentional entrapment of Cordero's vehicle, officers had probable cause to arrest him, defeating Rahdar's retaliatory arrest claim.

Again, we agree. For a retaliatory arrest claim, "to prove causation, a plaintiff generally must show that the officers lacked probable cause to make

the arrest."[4] Under the *Nieves* exception, "a narrow qualification is warranted for circumstances where officers have probable cause to make arrests, but typically exercise their discretion not to do so."[5] Plaintiffs do not dispute on appeal that officers had probable cause to arrest Rahdar. But they invoke the *Nieves* exception, offering two pieces of evidence to suggest that officers would not generally arrest under the circumstances: (1) another police officer on the scene, Lieutenant Price, testified in deposition that he would have asked Rahdar to move his vehicle prior to arresting him and (2) officers did not arrest Jazmine Lowery, even though she participated in the same behavior as Rahdar.

Plaintiffs raise these arguments for the first time on appeal. In their briefing to the district court, they never directed the court to Price's deposition testimony that he would have asked Rahdar to move prior to arrest. And they mentioned Lowery's name only one time, to assert that "there is zero evidence that Mr. Rahdar colluded with his employee, Jazmine Lowery." This is the opposite of what they argue on appeal under *Nieves*: that Lowery also participated in the crime such that the officers' failure to arrest her is evidence of their animus toward Rahdar. Accordingly, Plaintiffs have forfeited these arguments on appeal.[6] Overall, we agree with the district court that there was probable cause to arrest Rahdar and no *Nieves* exception applied, requiring summary judgment on the retaliatory arrest claim.

AFFIRMED.

---

[4] *Degenhardt v. Bintliff*, 117 F.4th 747, 758 (5th Cir. 2024).

[5] *Nieves v. Bartlett*, 587 U.S. 391, 406 (2019).

[6] *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument by failing to raise it in the first instance in the district court.").